463 So.2d 778 (1985)
STATE of Louisiana
v.
Toni JOHNSON.
No. KA-1969.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1985.
*780 Loyola Law School Clinic, Jack M. Capella, Student Practitioner, Calvin Johnson and David Girard, Supervising Attys., New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, and Julia S. Coley, Asst. Dist. Attys., New Orleans, for appellee.
Before KLEES, CIACCIO and WARD, JJ.
CIACCIO, Judge.
Defendant, Toni H. Johnson, was charged as a codefendant, with James E. Smith, with the crime of possession of a controlled dangerous substance (pentazocine). R.S. 40:967. She was tried by a jury and found guilty as charged.[1] She was sentenced to serve two (2) years in the Department of Corrections, the sentence was suspended and she was placed on two (2) years active probation. Defendant appeals, relying upon two (2) assignments of error. We affirm the defendant's conviction and sentence.
On September 16, 1982 at approximately 8:15 p.m., Lieutenant Lionel Ware of the Orleans Criminal Sheriff's Office was called upon to execute an arrest warrant at 1505 Carondelet Street, on a subject known only as "Vance." Ware arrived at the residence and observed that the door was padlocked but light was emanating from a hole in the door from which a door knob had been removed. Through the hole the sheriff observed a couple in the second room. He saw the male inside attempting to remove something from a bottle. Ware knocked on the door and got no response. He thereafter summoned the New Orleans Police.
New Orleans Police Officers James Pollard and David Desmesine arrived at the scene. Officer Pollard looked through the door hole and observed James Smith and Toni Johnson as they were injecting something into their arms. Officer Pollard knocked on the door and Toni Johnson came to the door. When Pollard announced that he was a policeman, Johnson turned off the lights and ran toward the rear of the house. Smith ran out of the house but was apprehended as he attempted to flee by jumping over a fence located at the rear of the property. He was frisked and three black capsules were discovered. The capsules were later found to be biphetamine, a controlled dangerous substance. Toni Johnson was apprehended inside the residence. Drug paraphenalia was seized by the police officers from the top of a dresser and bed. In addition, five orange tablets and five blue tablets, later identified as talwin-pentazocine, were seized from the top of the dresser which was located in the room where the officers had observed the apparent illegal activities of the two subjects. The subjects were then placed under arrest.
*781 Toni Johnson relies upon two assignments of error in seeking to have her conviction reversed.

Assignment of Error No. 1
Defendant argues, by this assignment of error, that the trial court erred when it denied her motion to suppress the evidence seized. She reasons that exigent circumstances, required for entry without a search warrant, did not exist and the arresting officers violated her constitutionally protected right of privacy when they observed her activity inside the house by looking through a hole in the door. In the landmark case of Payton v. New York, the U.S. Supreme Court set forth the standard to be utilized in a warrantless arrest of a subject inside a home. 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). That is, absent probable cause and exigent circumstances, warrantless arrests in the home are prohibited by the Fourth Amendment. Payton v. New York, supra. Probable cause exists when the facts and circumstances within the arresting officers knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Ruffin, 448 So.2d 1274 (La.1984). Probable cause is to be judged by the probabilities and practical considerations of everyday life on which average men, particularly average police officers, can be expected to act. State v. Ruffin, supra. Probable cause obviously exists where the offense is being committed in the full view of the arresting officer. See: C.Cr.P. Art. 213. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).
In the instant case, Deputy Ware had an arrest warrant to be executed at 1505 Carondelet Street for the arrest of a man named "Vance." When Ware arrived at the address, the door was padlocked on the outside. Although no one responded to his knock on the door, Ware did hear noise and he observed light filtering from the hole in the door. Officer Ware, therefore, was in a place where he had a right to be present. His act of peering into the sizeable hole in the door was not an unwarranted intrusion, because at the time he had reason to believe that the subject of the warrant was inside the residence. At the moment when he observed the subjects engaging in illegal activity he would have had probable cause for their arrest. Instead, he summoned the New Orleans Police for assistance. Due to the facts relayed by Ware to the New Orleans Police, as to his observation, the investigating officers had probable cause to invade the residence by looking through the hole in the door. They thereupon observed activities which were consistent with illegal drug usage. These facts and circumstances justified the policemen in their belief that a crime was being committed.
Furthermore, exigent circumstances existed for the warrantless arrest of these subjects. The United States Supreme Court has found exigent circumstances to be present when there exists the possibility that evidence will be destroyed. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Furthermore, the Louisiana Supreme Court has found exigent circumstances existed in those instances where a subject attempts to flee in order to avoid arrest. State v. Abadie, 390 So.2d 517 (La., 1980).
Since the subjects were apparently using drugs and thereby destroying evidence, exigent circumstances existed for the arrest. Additionally, the flight of the subjects to avoid arrest also presented an instance of exigent circumstances. Accordingly, probable cause and exigent circumstance existed for the warrantless arrest of the subjects within the residence.
Since the arrests were lawful, we now turn to a consideration of the factors surrounding the seizure of the evidence. A search without a valid warrant is unreasonable unless it can be shown to be within one of the clearly delineated exceptions to this rule. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, *782 reh. denied 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120 (1971). A recognized exception to this rule exists when a search is performed incident to a lawful arrest. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). In this case the search of the codefendants was valid as a search incident to a valid arrest.
It is also well established that evidence which is in "plain view" is subject to a warrantless search and seizure. Coolidge v. New Hampshire, supra. See: State v. Hernandez, 410 So.2d 1381 (La. 1982). In order for such a search to be valid, three conditions must be present: 1) there must be a prior justification for an intrusion into a protected area, 2) in the course of which evidence is inadvertently discovered, 3) where it is immediately apparent without close inspection that the items seized are evidence or contraband. State v. Hernandez, supra.
The necessary conditions for a "plain view" search were present in this case. That is, as previously discussed, the officers had prior justification for their intrusion. The drugs and syringes were inadvertently discovered, as these items were lying on top of the dresser in plain sight of the officers. The officers were aware, without close inspection, that the pills, which appeared to be Talwin, were contraband. Thus, the seizure of this evidence was legal.

Assignment of Error No. 2
The defendant, by this assignment, alleges that the trial court committed reversible error in finding the defendant guilty as charged, because the evidence was illegally obtained.
Since we have concluded that the evidence in this case was not illegally obtained, this assignment lacks merit.
Additionally, we have reviewed this case in order to ascertain whether the State proved its case beyond a reasonable doubt, using the standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), reh. den. 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979). Thus this court must determine whether viewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Fuller, 414 So.2d 306 (La. 1982).
In this case the defendant was charged with knowingly and intentionally possessing a controlled dangerous substance, to wit, pentazocine. R.S. 40:967. Actual possession of the drug is not required to support such a conviction and constructive possession is sufficient. See: State v. Trahan, 425 So.2d 1222 (La.1983). Constructive possession exists where the illegal substance is subject to the defendant's dominion and control. See: State v. Trahan, supra.
The State and defendant stipulated that the substance seized was an illegal drug. The State proved that the defendant had dominion and control over the drugs in that she was present in the room where the drugs and syringes were lying on the top of a dresser, in open view. The State also proved that this defendant was observed injecting something into her arm, and shortly thereafter Johnson attempted to flee through the rear of the house as the arresting officers entered through the front of the residence.
Thus viewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found Toni Johnson guilty beyond a reasonable doubt of the knowing and intentional possession of the controlled dangerous drug, pentazocine. R.S. 40:967.
Finally, we have reviewed this record for errors patent upon its face and we find no such errors. C.Cr.P. Art. 920(2).
For the reasons assigned, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The codefendant was found not guilty after a bench trial.