485 So.2d 1014 (1986)
STATE of Louisiana
v.
Michael C. PINKNEY.
No. KA-4119.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
*1015 M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant, Michael C. Pinkney.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Judith A. Brewster, Timothy M. Warner, Asst. Dist. Attys., New Orleans, for plaintiff-appellee, State of La.
Before BARRY, WARD and ARMSTRONG, JJ.
WARD, Judge.
The District Attorney filed a bill of information charging Michael C. Pinkney with two counts of being a felon in possession of a firearm. Following trial, the jury returned a verdict of guilty on count one and not guilty on count two. Pinkney was sentenced to three years imprisonment without benefit of parole, probation or suspension of sentence, fined $1000.00 or one year in default of payment, and assessed court costs of $74.00 or thirty days in default of payment.
Pinkney appeals, arguing four assignments of error: 1) the evidence was insufficient to support a guilty verdict on count one; 2) the Trial Judge erred in imposing a sentence without benefit of a pardon; 3) the Trial Judge erred in imposing the $1000.00 fine without first considering whether to suspend it; and 4) the Trial Judge erred in imposing an additional year and thirty days in default of payment of the fine and court costs.
Pinkney's first assignment of error asserts that insufficient evidence exists for the jury to have found him guilty of being a felon in possession of a firearm, under the due process standards established by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Applying Jackson, we consider the evidence in the light most favorable to the prosecution, and after considering the evidence in this manner, the question then becomes whether a rational trier of fact could conclude that the defendant's guilt was proven beyond a reasonable doubt. The State proved the first element of the crime of being a felon in possession of a firearm when counsel for Pinkney stipulated that Pinkney had been convicted of a felony in 1974 and sentenced to five years imprisonment. Pinkney asserts, however, that the State did not prove beyond a reasonable doubt the second element of the crimethat he was in possession of the gun.
Officer Michael Glasser of the New Orleans Police Department testified that he obtained arrest warrants for Pinkney and his girlfriend, Stephanie Mercadel, as well as a search warrant for their residence, 1474 North Robertson, in a matter unrelated to this suit. When Officer Glasser and his partner went to execute the warrants they saw Pinkney, Mercadel, and two children leave the residence and drive away in an automobile. The officers followed them, arrested Pinkney and returned with him to 1474 North Robertson to execute the search warrant. Several other police officers met them at the residence to help with the search.
During his search of the residence, Officer Glasser found a gun in the drawer of a dresser in the bedroom. On top of the drawer he found a rent receipt for 1474 North Robertson in Mercadel's name which was dated just a few days prior to the warrant and a telephone credit card in Pinkney's name for the address of 1474 North Robertson. He observed male and female clothing scattered around the bedroom. One of the officers who participated in the search corroborated Officer's Glasser's testimony concerning both the location of the gun which was confiscated and the type of clothing found in the bedroom.
The defendant Pinkney testified on his own behalf. He admitted that he had lived at 1474 North Robertson for a year and slept in the bedroom where the gun was found. He denied, however, using the dresser in which the gun was found. Although he further stated that only Mercadel used the dresser, he admitted some of his clothes were in the drawer in which the gun was found. He testified that Mercadel's clothes were also in the same drawer. He denied that he had ever seen the gun.
Considering this evidence in the light most favorable to the State, could a *1016 reasonable trier of fact have concluded that Pinkney possessed the firearm? Constructive possession of a gun, as opposed to actual possession, satisfies the possession element of La.R.S. 14:95.1. State v. Mose, 412 So.2d 584 (La.1982). Constructive possession exists when the contraband is subject to the defendant's dominion and control. State v. Johnson, 463 So.2d 778 (La. App. 4th Cir.1985). From the evidence, a reasonable trier of fact could have concluded that Pinkney had constructive possession of the gun. We therefore find no merit to defendant's first assignment of error.
By his second assignment of error, Pinkney asserts that the Trial Judge erred in imposing a sentence without benefit of pardon. The minute entry for Pinkney's sentencing reads that he was sentenced to serve three years without benefit of parole, pardon or suspension of sentence with credit for time served. The transcript of Pinkney's sentencing, however, indicates that the Trial Judge did not deny Pinkney his right to a pardon. See State v. Dauzart, 461 So.2d 382 (La.App. 4th Cir.1984). Thus, Pinkney's second assignment of error is without merit.
By his third assignment, Pinkney argues that the Trial Judge erred in imposing the $1000.00 fine without first considering whether to suspend it. Pinkney argues that La.R.S. 14:95.1 affords the Trial Judge the discretion to consider suspending the fine:
Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars. (emphasis added)
The jurisprudence has interpreted the statute to mandate both the imprisonment and fine. State v. Gatlin, 445 So.2d 47 (La.App. 4th Cir.1984), overruled on other grounds, State v. McCoy, 450 So.2d 690 (La.App. 4th Cir.1984). Because the fine is a mandatory part of the sentence, the Trial Judge did not have the power to suspend the fine. Hence, this third assignment is without merit.
In his fourth assignment, Pinkney argues that the Trial Judge erred in imposing an additional year and thirty days in default of payment of the fine and court costs because he is indigent. The record indicates that Pinkney hired private counsel throughout trial and sentencing but that he sought appointed counsel on appeal.
An indigent defendant may not be given a term of imprisonment in lieu of a fine when to do so would mean that the defendant would receive a term of imprisonment longer than the statutory maximum for the offense. The necessity of appointing counsel to represent a defendant may be used as proof of a defendant's indigence. State v. Williams, 288 So.2d 319 (La.1974). Use of appointed counsel during appeal, however, does not automatically establish indigence.
Because Pinkney retained private counsel at trial and sentencing, there was nothing in the record at the time of Pinkney's sentencing to show that he was indigent. Even if after sentencing Pinkney were found to be indigent because he sought appointed counsel on appeal, Pinkney's term of imprisonment, should he default, would be four years and thirty days, which does not exceed the statutory maximum of ten years for the crime of being a convicted felon in possession of a firearm. Thus, we reject Pinkney's fourth assignment of error.
However, we find an error patent on the face of the record. The pertinent part of La.C.Cr.P. art. 884 provides: "If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year." Under this article the Trial Judge was not authorized to impose an alternative to a fine and court costs that consisted of a term of imprisonment longer than one year. Thus, Pinkney's sentence is illegal. An illegal sentence may be corrected by an appellate court on review. La.C. Cr.P. art. 882. Hence, we affirm Pinkney's sentence of three years imprisonment in *1017 the custody of the Director of the Department of Corrections. We also affirm that portion of the sentence ordering Pinkney to pay $1000.00 as a fine, or to serve one additional year in the Director's custody in default of payment. We, however, vacate the remaining part of the sentence which ordered Pinkney to pay court costs of $74.00 or to serve 30 days in the Parish Prison in default of payment.
AMENDED AND AFFIRMED.
BARRY, J., concurs.
BARRY, Judge, concurring:
The defendant had retained counsel for trial and there is no showing he is indigent. Use of appointed counsel during appeal does not automatically establish pauper status.
Under these facts an additional one year imprisonment for failure to pay the $1,000.00 fine and $74.00 in court costs is appropriate.