KNOLL, Judge.
Defendant, Prentiss Jackson, appeals his jury convictions of two counts of illegal possession of stolen things, violations of LSA-R.S. 14:69. After receiving a presen-tence report defendant was ordered to serve two years at hard labor on each count, with the sentences to run concurrently, and a $750 fíne, in default thereof, to serve an additional year in the parish jail. Defendant contends: 1) there was insufficient evidence to prove an essential element of the crime, namely, the State failed to prove that the mini-14 rifle, the basis of the second count against him, was the subject of a robbery or theft; and, 2) the sentencing court failed to follow the guidelines of LSA-C.Cr.P. Art. 894.1 and imposed an excessive sentence. We affirm defendants’ convictions, and sentences.
FACTS
In February 1985 seventy to eighty guns, of various types, were taken in a burglary of the True Value Hardware in DeRidder, Louisiana. Two months later defendant approached George “Sundance” Meirs at the Aladdin Tire Co., Meirs’ work place in DeRidder, and asked if he was interested in buying a gun. In response to Meirs’ questioning defendant stated that the gun was not “hot” in Louisiana, but the gun was from Texas. Meirs stated that although he was not interested, he knew someone who might be interested. Meirs had charges pending against him for issuing worthless checks and chose to advise Officer Robert McCullough of defendant’s offer.
On April 2, 1985, Officer McCullough, assisted by two undercover agents from Vernon Parish and accompanied by Meirs, met defendant at a playground near defendant’s home and purchased a Winchester 30-30 rifle. Defendant indicated he had other guns for sale. The Winchester rifle’s serial number matched one stolen from the True Value store. At a second meeting the police officers, now accompanied by a third undercover officer, Agent Austin, who was wired for electronic transmission, again met defendant at the playground to discuss the purchase of an automatic mini-14 for $300. Defendant brought the gun but when Agent Austin examined it, surreptitiously memorizing the serial number, and discovered it was not an automatic weapon, the sale fell through. A third meeting to discuss the agent’s price counteroffer for the gun was aborted by defendant because he told them “the heat was on”.
Defendant was arrested on June 3, 1986, and, after being advised of his Miranda rights, stated to the police that he received the two guns involved from Felton Gamble in partial exchange for an automobile. Defendant said Gamble authorized him to sell the guns during the month, and if not sold he would pay defendant $400 and take the guns back.
SUFFICIENCY OF THE EVIDENCE
Defendant contends that the evidence presented at trial was insufficient to establish that the mini-14 rifle was the subject of a robbery or theft.
The constitutional standard for testing the sufficiency of evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. State v. Garcia, 483 So.2d 953 (La.1986). A court reviewing evidence on appeal from a criminal conviction should *819 only review for the minimal constitutional sufficiency of evidence and should neither assess the credibility of witnesses nor reweigh evidence. State v. Rosiere, 488 So.2d 965 (La.1986).
Defendant contends that since there was no purchase of the mini-14 rifle that the only evidence that this particular gun was the same as the one stolen from True Value was that Agent Austin memorized the serial number, and later matched it to the list of stolen items. We disagree. In addition to Agent Austin’s testimony, Officer McCullough testified that he personally recorded the serial number of the gun as Agent Austin dictated it via wireless recorders at the scene. The manager of the True Value identified the mini-14 serial number as one which had been stolen. Furthermore, Agent Austin’s testimony that he was able to memorize the serial number was unrefuted. With this evidence the jury determined that the State proved beyond a reasonable doubt that the mini-14 rifle had been the subject of a robbery or theft. We will not now undertake a credibility analysis of Agent Austin’s ability to memorize. Therefore, this assignment of error lacks merit.
SENTENCING
Defendant contends the sentencing court failed to consider the sentencing guidelines of C.Cr.P. Art. 894.1, and imposed a constitutionally excessive sentence. Article I, section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in imposing a sentence within statutory limits. State v. Square, 433 So.2d 104 (La.1983); State v. Abercrumbia, 412 So.2d 1027 (La.1982). A sentence within the statutory limits should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, supra; State v. Bonanno, supra.
C.Cr.P. Art. 894.1 provides criteria for consideration in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). Even though the sentencing court does not need to articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these codal guidelines in particularizing defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983). Failure to comply with Article 894.1 does not necessitate the invalidation of a sentence or warrant a remand for resentencing if the record clearly illuminates and supports the sentencing choice. State v. Smith, 430 So.2d 31 (La.1983).
The maximum sentence for illegal possession of property having a value of $100 but less than $500 is two years, with or without hard labor and/or a fine of not more than $2,000. Defendant’s sentence on each count falls within the statutory limit. Nonetheless, even a sentence which falls within the statutory limits may violate defendant’s right against excessive punishment. State v. Cottingin, 496 So.2d 1379 (La.App. 3rd Cir.1986). The sentencing court's reasons for imposition of sentence are an important aid when we review a sentence for excessiveness. State v. Ashworth, 505 So.2d 260 (La.App. 3rd Cir.1987), writ denied, 508 So.2d 68 (La.1987).
Defendant contends that this was his first felony conviction, that he has a family to care for, that the State induced and facilitated the commission of this offense, and that the trial court over-emphasized that at the time of this offense defendant was on probation for two misdemeanor theft charges.
The record reveals that the sentencing court considered defendant’s background, education, employment and familial obligations. It also considered that in 1983 defendant pleaded guilty to misdemeanor theft as part of a plea bargain in which the State nolle prosequied charges of felony theft and simple criminal damage to prop *820 erty, and that defendant was on probation when the offenses which constitute this prosecution were committed.
After a careful review, we find that the sentencing court followed the guidelines of C.Cr.P. Art. 894.1 and that the record fully supports the sentencing choice. In view of the wide discretion granted a sentencing court in imposing its sentencing choice within statutory limits, we find the sentence particularized to defendant and not so disproportionate to the crime committed as to shock our sense of justice.
However, it is well settled that in the case of an indigent defendant, it is impermissible to impose a prison term in lieu of a fine that would result in defendant’s serving a longer term than the statutory maximum for the offense. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); State v. Lukefahr, 363 So.2d 661 (La.1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).
Defendant, an indigent, was sentenced to serve a total of two years on each count to run concurrently. On the second count, defendant was ordered to pay a fine of $750 and in default of payment, to serve an additional one year in the parish jail. Since the statutory maximum duration for imprisonment was four years, and defendant is serving two years concurrently, the additional year in default of paying the fine does not exceed the maximum penalty. Therefore, the fine and the additional year in default of payment is in keeping with Williams v. Illinois, supra.
DECREE
For the foregoing reasons, the defendant’s convictions and sentences are affirmed.
AFFIRMED.