560 So.2d 121 (1990)
STATE of Louisiana
v.
Alton Wayne NEWBERRY.
No. CR89-735.
Court of Appeal of Louisiana, Third Circuit.
April 18, 1990.
*122 Kimm Kidd, St. Martinville, for defendant-appellant.
J. Phil Haney, Asst. Dist. Atty., New Iberia, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and YELVERTON and KNOLL, JJ.
DOMENGEAUX, Chief Judge.
Defendant, Alton Wayne Newberry, was convicted by a twelve member jury of possession of marijuana with the intent to distribute, a violation of La.R.S. 40:966(A)(1). The trial court sentenced the defendant to serve six years at hard labor, plus a fine of $10,000.00, with an additional year to be served should defendant default in payment of the fine.
Defendant assigned four errors in this appeal of both his sentence and conviction, but he briefed only two. Those assignments of error not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
On October 20, 1987, Trooper Walter T. Legendre clocked a 1977 maroon Lincoln Continental travelling in excess of the speed limit on I-10 near Breaux Bridge, Louisiana. After pulling the vehicle over, Trooper Legendre learned that it was driven by the defendant, Alton Wayne Newberry, and that it was registered in the name of defendant's wife, Carrie Newberry. Defendant was travelling alone.
As defendant was searching for his driver's license and automobile registration, Trooper Legendre observed him to be "visibly shaken." The Trooper called in the defendant's name for a computer check, which revealed defendant had several prior convictions, including a narcotics violation. Trooper Legendre then asked the defendant if he had any weapons in the car. Defendant replied that he did not, and he further invited Trooper Legendre to search the vehicle for weapons. As he was searching the passenger side and the rear seat area, the Trooper smelled a faint odor of what he believed to be marijuana. He then asked the defendant to consent to a search of the entire car. Defendant refused.
Trooper Legendre then requested assistance from the St. Martin Parish Sheriff's Office. Deputy Scott Haydel arrived at the scene with a drug-detecting dog. The dog indicated that narcotics were located in the trunk of the vehicle.
Trooper Legendre began another search of the car. In the back seat, he found a *123 red tote bag which contained swimming trunks, one valium tablet and $750.00 in cash. Legendre opened the trunk and found a roll of silver duct tape, a cardboard box and a suitcase with a tag in the name of "Carl Tulles." The suitcase contained two large bundles of marijuana packaged in plastic wrap and sealed with duct tape. The two bundles of marijuana weighed a total of 26.35 pounds.
Defendant was handcuffed and brought to the police station where he requested to telephone his wife. During the conversation with his wife, defendant said, "They've got the old bag and they took it from me." After defendant finished his conversation, he told Trooper Gary LeBlanc, of the Narcotics Division, that he "was sorry," but that he had to "support his family."

ASSIGNMENT OF ERROR NO. 1
Defendant contends the prosecution failed to prove beyond a reasonable doubt every element of the crime of possession of marijuana with the intent to distribute.
The constitutional standard for testing the sufficiency of the evidence requires that, when viewing the evidence in a light most favorable to the prosecution, a conviction be based on proof sufficient for any rational trier of fact to find the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Deboue, 552 So.2d 355 (La. 1989); State v. Johnson, 541 So.2d 818 (La.1989).
The State was required to prove two essential elements: possession of the controlled dangerous substance and the intent to distribute it.
The prosecution is not required to show actual possession in order to convict. The State need only show that the defendant exercised dominion and control over the illegal substance. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Rexrode, 536 So.2d 671 (La.1988). The mere presence of the defendant in the area where narcotics are discovered is insufficient to support a finding of possession. State v. Matthews, 552 So.2d 590 (La.App. 2nd Cir.1989). What must be shown is that the defendant had a direct right and ability to exercise control. State v. Segura, 546 So.2d 1347 (La.App. 3rd Cir.1989). Additionally, the prosecution must show guilty knowledge. Trahan, supra; Matthews, supra.
Defendant was driving alone in an automobile which contained a large amount of marijuana in the trunk. While the defendant was not actually holding the narcotics, under these facts he clearly had a direct right and the ability to exercise control over the drugs.
Defendant contends the State failed to prove he had the requisite guilty knowledge because he was driving a car registered in another's name and because the drugs were found in a suitcase labelled as belonging to someone else. However, the record also contains two inculpatory statements by defendant regarding the issue of guilty knowledge. The defendant told his wife the police had seized "the old bag," indicating that he realized the importance of the one bag seized. The defendant also stated he was "sorry" but he had to "support his family," indicating he knew possession of the drugs was wrong.
In viewing this evidence in a light most favorable to the prosecution, we find the record supports the jury's finding that the State proved this element of the crime charged beyond a reasonable doubt.
A conviction of possession of marijuana with the intent to distribute requires the prosecution to prove specific criminal intent. State v. Martin, 543 So.2d 1020, 1025 (La.App. 3rd Cir.1989), writ denied, 550 So.2d 625 (La.1990). The intent to distribute may be established by proving circumstances surrounding the defendant's possession which give rise to a reasonable inference of intent to distribute. State v. Ramoin, 410 So.2d 1010 (La.1981). Several factors of reasonable inference of the intent to distribute include:
(1) Whether the defendant ever distributed or attempted to distribute marijuana;
(2) Whether the marijuana was in a form usually associated with distribution;
*124 (3) Whether the amount was such as to create a presumption of the intent to distribute;
(4) Whether expert or other testimony indicates that such an amount is inconsistent with personal use; and
(5) Whether any paraphernalia, such as baggies or scales, was also recovered.
State v. Jones, 544 So.2d 636 (La.App. 3rd Cir.1989); State v. Green, 524 So.2d 927 (La.App. 2nd Cir.1988), writ denied, 532 So.2d 129 (La.1988).
The marijuana found in defendant's car weighed over 26 pounds and was packaged in two large bundles bound with duct tape. Two State Troopers certified as experts in the distribution and packaging of narcotics for sale testified that this quantity was inconsistent with personal use. They further testified that cellophane packaging with duct tape was a customary method of bundling narcotics for distribution. The amount of marijuana involved, its packaging, and the large sum of cash found in defendant's possession, when viewed in a light most favorable to the prosecution, overwhelmingly support the jury's finding of guilt.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge imposed an illegal sentence when he ruled the defendant must serve an additional prison term if he defaults on the fine.
Defendant was exposed to a maximum sentence of 30 years at hard labor and a $15,000.00 fine. La.R.S. 40:966(B)(2). He was sentenced to six years in prison, with an additional year to be served if he defaulted on a $10,000.00 fine. Hence the aggregate imprisonment of defendant's sentence falls well within the statutory maximum. However, defendant contends he is indigent, and therefore, the trial court had no authority to impose a fine as a sentence and then automatically convert it to a prison term solely because the defendant could not pay the fine.
An indigent defendant cannot be given a term of imprisonment in lieu of a fine where the indigent defendant would be imprisoned for a term longer than the statutory maximum. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985).
However, relying on Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), our own Supreme Court has extended this constitutional mandate by refusing to uphold such default provisions even when the indigent defendant is not subjected to a term of imprisonment in excess of the statutory maximum. See State v. Williams, 480 So.2d 432 (La.App. 4th Cir.1986), writ granted in part, 484 So.2d 662 (La.1986); State v. Garrett, 480 So.2d 412 (La.App. 4th Cir.1986), writ granted in part, 484 So.2d 662 (La.1986); State v. Pinkney, 485 So.2d 1014 (La.App. 4th Cir.1986), writ granted in part, 488 So.2d 682 (La.1986); State v. Jackson, 520 So.2d 817 (La.App. 3rd Cir.1987), writ granted in part, 522 So.2d 567 (La.1988).
We are bound by these pronouncements of the Louisiana Supreme Court. Furthermore, if the record supports the defendant's claim that he is now indigent, then the default provision is illegal, even if the defendant was not indigent at the time of sentencing. State v. Hernandez, 513 So.2d 312 (La.App. 4th Cir.1987), writ denied, 516 So.2d 130 (La.1987).
Defendant was represented by retained counsel at trial and at sentencing. As in Pinkney and Garrett, supra, the only evidence in the record of the defendant's indigence is that he is now represented by appointed counsel. We agree with our brethern of the Fourth Circuit, who stated in those two cases, that the use of appointed counsel on appeal does not automatically establish indigence. Nevertheless, in both cases, the Supreme Court vacated the portions of those two sentences which imposed additional imprisonment in default of the fines. Accordingly, we are mandated to do likewise.
An illegal sentence may be corrected by an appellate court on review. La.C.Cr.P. art. 882.
*125 For the above and foregoing reasons the defendant's conviction is affirmed. The defendant's sentence is affirmed, but as amended herein. That portion of the sentence which requires the defendant to serve one year imprisonment in default of payment of the $10,000.00 fine is hereby deleted.
AFFIRMED AS AMENDED.