DOMENGEAUX, Chief Judge.
On October 12, 1987, defendant Gaston Williams was charged by a bill of information with three counts of distribution of cocaine, a violation of La.R.S. 40:967A(1). On May 17, 1988, the defendant was found guilty by a twelve member jury on all three counts. On June 22, 1988 the defendant was sentenced to serve eight years at hard labor for each count, the sentences to run concurrently. Additionally, the trial judge fined the defendant $10,000.00 on each of the three offenses, plus court costs. In default of payment, the defendant was ordered to serve an additional year in prison.
After the defendant lost his right to appeal, he applied to this Court seeking an out of time appeal. By an order dated February 27, 1989, this Court transferred the matter to the trial court for the holding of an evidentiary hearing to determine whether defendant was entitled to an out of time appeal. State v. Williams, No. K89-138, writ granted, February 27, 1989. After this hearing, on April 21, 1989, the trial court granted the defendant’s out of time appeal. Defendant bases his appeal on four assignments of error.
FACTS
On March 21, 1987, while working for the St. Martin Parish Sheriff’s Office, agent Daniel Ellis went on a narcotics buy with a confidential informant. Ellis was working under the supervision of agent Wayne *967 Montet, who provided Ellis with money to make various narcotics purchases. Ellis and the confidential informant searched for contacts to purchase drugs. They found a friend of Ellis’ and told the friend they were looking to buy some “snow” (the street name for cocaine). The friend took the two to a house on Begnaud Street in Breaux Bridge, where Ellis purchased $40.00 worth of cocaine from a man who identified himself as “Gaston.” Gaston gave Ellis a white powdery substance which was later identified as cocaine by the Acadiana Crime Lab. Ellis then left Ga--ston’s house and turned the cocaine over as evidence to agent Montet. At trial, Ellis identified the defendant as the seller in the March 21, 1987 transaction.
Similarly, on May 22, 1987, Ellis, again working with a confidential informant, cruised the St. Martinville area in an attempt to purchase narcotics. At approximately 8:40 p.m., Ellis and the informant entered Al’s Place, a local bar. While in the bar, Ellis noticed the defendant with another man. Ellis later learned that the “action” was in the bathroom. He then went to the bathroom, made contact with the defendant, and again bought $40.00 worth of a powdery substance. He then’ exited the bathroom and went back into the bar.
At this point Ellis decided to purchase more drugs. He returned to the bathroom and bought another $20.00 of the white substance, which was later determined to be cocaine by the Acadiana Crime Lab.
ASSIGNMENT OF ERROR NO. 1
The defendant argues the evidence presented by the State was insufficient to prove his guilt beyond a reasonable doubt. Specifically, the defendant challenges the identification made by Ellis.[1]
The constitutional standard for testing the sufficiency of the evidence requires that, when viewing the evidence in a'light most favorable to the prosecution, a conviction be based on proof sufficient for any rational trier of fact to find the essential elements of a crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, 400 So.2d 1370 (La.1981).
The defendant claims the State failed to prove beyond a reasonable doubt that he was the perpetrator of the three crimes charged. In support of this argument defendant points to Ellis’ misidentifi-cation of the street address of the house where he purchased the cocaine. Ellis testified the street number of that house was 926 Begnaud Street. However, the defendant actually lived at 965 Begnaud Street.
At most, this discrepancy tends only to prove that Ellis was mistaken about the specific number of the house. The State introduced pictures of the house where the buy was made, which Ellis identified. The State also proved that the defendant owned the house in the pictures. Ellis testified that the person from whom he bought the drugs identified himself as “Gaston.” Finally, and most damaging of all, Ellis identified the defendant at trial as the person from whom he bought cocaine on three occasions, two of which occurred away from the defendant’s home. We find the State proved beyond a reasonable doubt the defendant was the person who sold cocaine to Ellis.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
The defendant contends that the sentence imposed by the trial court was excessive, in violation of La. Const. Art. I, § 20.[2]
*968 The penalty for distribution of cocaine is imprisonment at hard labor for not less than five years nor more than thirty years. La.R.S. 40:967B. In addition, a fine not exceeding $15,000.00 may be imposed. Since the defendant was convicted of three counts, his total possible exposure was ninety years. The sentence imposed for the three convictions exposes the defendant to a total prison term of eight years, which is substantially below the statutory maximum. However, a sentence imposed within the statutory limit may still violate the defendant’s right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
Article 1, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of manifest abuse of a sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Ashworth, 505 So.2d 260, 262 (La.App. 3rd Cir.1987), writ denied, 508 So.2d 68 (La.1987).
In the present case, the defendant was convicted of three separate counts of selling cocaine. The trial judge considered various factors in sentencing, including numerous letters attesting to the character of the defendant. The trial judge also considered the serious nature of the offense and the fact that the defendant had a prior conviction for misdemeanor theft.
In view of the aforementioned facts, especially the nature of the offense, we find no abuse of the trial court’s discretion in the imposition of three concurrent eight-year sentences.
The defendant also argues that the trial judge erred in sentencing him without ordering a pre-sentence investigation report. A pre-sentence investigation report is not mandated by statute. La.C.Cr.P. art. 875. When a defendant fails to request the preparation of a pre-sentence report, there is no error if the trial court does not order one. State v. Guillory, 544 So.2d 643 (La.App. 3rd Cir.1989). The record reflects no such request by the defendant.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 3
The defendant argues the trial judge imposed an illegal sentence when he ruled the defendant must serve an additional prison term if he defaults on payment of a fine. The defendant argues his present indigency status precludes the imposition of the default provisions.
An indigent defendant cannot be given a term of imprisonment in lieu of a fine where the indigent defendant would be imprisoned for a term longer than the statutory maximum. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1985).
However, relying on Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the Louisiana Supreme Court has extended this constitutional mandate by refusing to uphold such default provisions even when the indigent defendant is not subjected to a term of imprisonment in excess of the statutory maximum. See State v. Williams, 480 So.2d 432 (La.App. 4th Cir.1985), writ granted in part, 484 So.2d 662 (La.1986); State v. Garrett, 480 So.2d 412 (La.App. 4th Cir.1985), writ granted in part, 484 So.2d 662 (La.1986); State v. Pinkney, 485 So.2d 1014 (La.App. 4th Cir.1986), writ granted in part, 488 *969 So.2d 682 (La.1986); State v. Jackson, 520 So.2d 817 (La.App. 3rd Cir.1987), writ granted in part, 522 So.2d 567 (La.1988).
Recently, in State v. Newberry, 560 So.2d 121 (La.App. 3rd Cir.1990), we reluctantly deleted such a default provision, where the defendant was represented by retained counsel at trial and at sentencing, but on appeal he was represented by appointed counsel. We believed that result was mandated by the Supreme Court’s actions in Pinkney and Garrett, supra. In the instant case, although the defendant is now represented by appointed counsel on appeal, there is evidence in the record that the defendant owns immovable property in Breaux Bridge, La. We find the record does not support defendant’s claim of indi-gency.
ASSIGNMENT OF ERROR NO. 4
Defendant assigns as error number four any and all errors discoverable on the face of the record. Such a review did not reveal any errors patent on the face of the record.
For the above and foregoing reasons the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing" the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 1241 (La.1984); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. *968 See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.