EDWARDS, Judge.
Defendant was convicted of aggravated rape and aggravated burglary, violations of LSA-R.S. 14:42 and 14:60, respectively. He was sentenced to life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence for the aggravated rape conviction, and to a consecutive thirty years imprisonment at hard labor for the aggravated burglary conviction. In addition, the trial court assessed defendant the actual cost of prosecution, in default of which he was to serve an additional year. Defendant appeals, urging that the trial court erred by denying the motion to suppress his confession, and by failing to require the state to prove the confession was voluntary before allowing its introduction at trial; and that his sentences are excessive.[1]
The instant offenses occurred on August 23, 1982, while the victim was baby-sitting with her ten-month-old grandson at her daughter’s apartment in Baton Rouge. At about 12:30 a.m., the door bell rang, and the victim opened the door to find the defendant, who said he was working with the police. When she asked him for some identification, he pulled out a knife and forced his way inside. She began screaming, but once defendant put his knife to her throat and threatened to kill her if she did not shut her mouth, she stopped screaming. Still holding the knife in his hands, he raped her and afterward threatened to kill her if she called the police. Immediately after defendant left the apartment, however, she did report the crime, giving police a description of her attacker and telling them that she could identify him.
On September 25, 1982, while at work at a local convenience store, the victim saw defendant in the store and immediately recognized him as the rapist. She quickly reported this to the police, giving them the license number of his vehicle. After a license check disclosed that defendant owned the vehicle, two police officers went to the address given on the license and found defendant there standing outside the vehicle. They arrested him and advised him of his constitutional rights. Defendant was then taken to the Baton Rouge sex crimes unit, where, after again being advised of his Miranda rights, he made a confession in the presence of two police officers.
CONFESSION
In support of the motion to suppress his confession, defendant claimed that the confession was not given pursuant to a “willing, voluntary and intentional waiver,” and that it was obtained under “duress and by deceit.” Defendant now contends that the trial court should have granted his motion to suppress because the state did not carry the burden imposed upon it by State v. Scott, 355 So.2d 231 (La.1977). We find this argument unpersuasive.
Unlike the challenge in the instant case, the Scott challenge to admissibility of a confession was on the grounds that it was the result of an arrest made without probable cause. The Scott court held that once such a challenge was made, the prosecution had the burden of establishing either that there was probable cause to arrest the defendant, or if not, “that the causal connection between [the arrest] and the subsequently obtained confession was so attenuated that the confession could not properly be considered as a fruit of the illegal arrest.” Id. at 234 (citations omitted). Defendant has never suggested that his arrest was made without probable cause, and consequently his invocation of the doctrine of State v. Scott is inappropriate.
*536 It is well settled, however, that the prosecution must affirmatively show that a confession it seeks to introduce into evidence “was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.” LSA-R.S. 15:451. See also State v. Whitaker, 489 So.2d 998, 1001 (La.App. 1st Cir.), cert, denied, 494 So.2d 324 (La.1986). Likewise the prosecution must show that any confession made during custodial interrogation was preceded by an advisement of Miranda rights. State v. Green, 443 So.2d 531, 535 (La.1983) (citations omitted). The admissibility of a confession is a question for the trial court, and the court’s determination will not be overturned on appeal unless it is not supported by the evidence. State v. Brown, 481 So. 2d 679, 684 (La.App. 1st Cir.1985), cert, denied, 486 So.2d 747 (La.1986) (citations omitted). On review, the trial court’s conclusions regarding credibility and weight of testimony relating to the voluntariness of a confession are entitled to the respect due those made by one who saw and heard the witnesses. State v. Rodrigue, 409 So.2d 556, 561 (La.1982).
The officers who were present during defendant’s confession testified at the suppression hearing that they advised defendant of his Miranda rights; that he appeared mentally well and alert and not under the influence of alcohol or narcotics at the time; that he signed a form waiving those rights; that he appeared to both understand and freely and voluntarily waive his Miranda rights; that they did not threaten, intimidate, or mentally or physically coerce him; and that no promises or inducements of leniency were made to obtain the confession. Through this testimony, the state met its burden of showing that the confession was freely and voluntarily made. Thus the trial court was correct in denying the motion to suppress, and this ruling was binding at the trial. See LSA-C.Cr.P. art. 703 F.
This determination notwithstanding, before the prosecution may present the confession at trial, it must “introduce evidence concerning the circumstances surrounding the making of the confession ... for the purpose of enabling the jury to determine the weight to be given [it].” LSA-C.Cr.P. art. 703 G. Furthermore the defendant has the right to introduce his evidence at trial regarding the circumstances of the confession. Id. At trial the prosecution clearly complied with article 703 G by introducing the testimony of one of the officers present during defendant’s confession. This testimony was essentially the same as that given in the suppression hearing. Accordingly, a proper foundation was laid at trial for the introduction of defendant’s confession into evidence.
EXCESSIVE SENTENCE
Defendant received the mandatory life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for rape, LSA-R.S. 14:42, and the maximum sentence of thirty years at hard labor for aggravated burglary, LSA-R.S. 14:60. He complains that his sentences are excessive only because they are consecutive; he argues that the sentences would be appropriate if they were concurrent. The Louisiana Constitution prohibits excessive punishment, La. Const, art. I, § 20, and a sentence is excessive if it is grossly disproportionate to the severity of the crime, i.e., it shocks our sense of justice, or it is nothing more than the needless imposition of pain and suffering. State v. Reed, 409 So.2d 266, 267 (La.1982).
Maximum sentences are reserved for the most serious offenses and the worst offenders. State v. Lanclos, 419 So.2d 475, 478 (La.1982). Although the imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct, State v. Buie, 477 So.2d 157, 166 (La.App. 1st Cir. 1985), that justification is present when the offender poses an unusual risk to public safety due to his past conduct or repeated criminality. State v. Carter, 412 So.2d 540, 546 (La.1982).
The trial court noted that the presentence investigation revealed a remarkably long criminal record for defendant’s twenty-eight years. He had two convic *537 tions for attempted rape, one of those while he was still a juvenile; one conviction for rape; and additional arrests for aggravated assault, forcible rape, attempted residential burglary, and assault. In fact he was on supervised parole for a rape conviction in Kansas when he committed the instant crimes. The court expressly found that none of the mitigating factors of article 894.1 of the Code of Criminal Procedure were present.
The instant crime is particularly opprobrious. Defendant forced his way into the house and then, knife in hand, he raped the victim, threatening her life throughout the whole ordeal. Unquestionably this behavior falls within the category of the most serious violations of aggravated rape and aggravated burglary, and, along with his record replete with sex crimes, demonstrates as well that he is one of the worst of offenders. Accordingly, his sentences are not excessive.
PATENT SENTENCING ERROR
The Code of Criminal Procedure authorizes a trial court to include in a sentence a fine or costs, in default of payment of which the defendant may be imprisoned for a specified period not to exceed one year. LSA-C.Cr.P. 884. Nevertheless in the case of an indigent defendant, it is impermissible to impose a prison term in lieu of payment of a fine or costs that would result in the defendant serving a longer term than the statutory maximum for the offense. Williams v. Illinois, 399 U.S. 235, 243, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586 (1970). It appears, however, that the Louisiana Supreme Court has taken this rule one step further, so that an indigent defendant may never be subjected to confinement in lieu of payment of a fine or costs. State v. Bohanna, 491 So.2d 756, 759 (La.App. 1st Cir.1986).[2] Under either rule, the defendant’s sentence must be amended. Defendant is an indigent, and he has already received the maximum sentence on each charge. We therefore amend defendant’s sentences to delete only that portion dealing with the imposition of costs. In all other respects, defendant’s convictions and sentences are affirmed.
CONVICTIONS AFFIRMED AND SENTENCES AMENDED.

. Another assignment of error, that the verdict was contrary to the law and the evidence, was not briefed on appeal, and is therefore abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.

. In two cases involving indigent defendants, the Louisiana Supreme Court granted writs and deleted portions of the sentences which included an additional term for default of payment of fines or costs, although neither case would have resulted in the defendants having been sen-515 So.2d — 14 tenced to a term longer than the statutory maximum. See State v. Garrett, 484 So.2d 662 (La. 1986), modifying 480 So.2d 412 (La.App. 4th Cir. 1985); State v. Williams, 484 So.2d 662 (La. 1986), modifying 480 So.2d 432 (La.App. 4th Cir. 1985).