PER CURIAM.
Defendant pled guilty to a charge of possession of marijuana with intent to distribute as a result of being arrested with two companions after a traffic stop which led to the discovery of 44 pounds of marijuana concealed in the trunk of the car in which they were traveling. In exchange for defendant’s plea and the forfeiture of $1,100 in cash also found in the trunk, the charges against his two companions were dismissed. Defendant was sentenced to five years at hard labor, which was suspended upon payment of all costs plus a $1,500 fine, and he was placed on five years supervised probation. Among the many conditions of probation placed on defendant, he was sentenced to six months in the parish jail “subject to public works,” plus the performance of 150 eight-hour days of community service. Additionally, should defendant default on the payment of the fine and costs, he would have to serve an additional year in jail.
Defendant’s five years of supervised probation carried the following conditions: the general conditions of probation contained in LSA-C.Cr.P. Art. 895, participation in a court-approved substance abuse program, payment of $250 to the parish’s indigent defender program, payment of $1,500 to the Criminal Court Fund (in lieu of the fine), payment of all unpaid court costs, payment of $150 to the Crime Victim’s Reparation Fund, payment of $15 per month to the agency supervising his probation, payment of $250 to the Judicial Clerk’s Fund, payment of $100 to the Louisiana Commission on Law Enforcement to benefit the Drug Abuse and Treatment Fund pursuant to LSA-R.S. 15:1224 and LSA-C.Cr.P. Art. 895.1(E), submission to random but frequent screening for the presence of controlled dangerous substances in his body, and the jail time and community service previously mentioned.
On appeal, defendant argues that the sentence imposed on him is excessive and *623 questions the propriety of imposing jail time on an indigent defendant in default of the payment of fines and costs. We amend the conditions of probation and affirm.
The record shows that the vehicle in which defendant was riding as a passenger was pulled over by a state trooper on Interstate 20 for exceeding the posted speed limit. A check of the driver’s operator license disclosed that he was driving with a suspended license. The state trooper also noticed that there were a set of T-tops in the back seat of the vehicle which did not match the vehicle. The owner of the vehicle, who was riding as the front seat passenger at the time the vehicle was stopped, executed a written consent to search the vehicle. While searching the trunk, the trooper discovered a large quantity of marijuana, later determined to be approximately 44 pounds. All three occupants of the vehicle were arrested, but charges against the driver and owner of the vehicle were dismissed when defendant, the back seat passenger, claimed possession of all of the contraband, as well as the other’s lack of knowledge of its presence in the trunk.
At the sentencing, the trial judge stated for the record the considerations taken into account and the factual basis for the sentence imposed. He reviewed the facts of the offense and noted the considerable amount of contraband found in the vehicle. He also noted the defendant is 35 years old, married, and the father of two children. The trial judge noted that the defendant was technically a first offender, although he had been placed on six months supervised probation for a possession of marijuana conviction in Texas in 1982. Because of defendant’s lack of a substantial prior criminal record, the trial judge suspended his sentence and placed him on five years supervised probation.
In this case, as the offense occurred in 1987, the maximum sentence the defendant could have received was ten years at hard labor and a $15,000 fine.* Of a potential ten-year sentence, defendant was given five years at hard labor, which was suspended. In addition to the fact that the defendant was given an apparently lenient sentence, given the significant amount of marijuana involved, the suspension of that sentence in favor of supervised probation, in our view, negates any argument that the sentence imposed was excessive.
We are troubled, however, by defendant’s argument that to impose jail time on him in default of his payment of all the costs, fines, and penalties is impermissible in light of his indigency. Our calculation of all of the fines and penalties assessed against the defendant totals approximately $3,000, exclusive of court costs. While noting the substantial value of those costs, fines, and penalties assessed against a theoretically indigent defendant, we further note that this court has consistently held that any complaint about such a matter is premature until such time as defendant is called upon to either pay those monies or serve the additional time. Accordingly, the default time provision of defendant’s sentence is amended to add the following language: “unless defendant is at that time indigent.” State ex rel. Hayes v. State, 559 So.2d 1362 (La.1990).
Additionally, we note that the sentencing judge imposed a $100 fine on the defendant to benefit the Drug Abuse and Treatment Fund pursuant to LSA-R.S. 15:1224 and LSA-C.Cr.P. Art. 895.1. While the goals of such program are undoubtedly laudatory, the fund itself did not come into existence until Act 832 of 1989 created it some two years after defendant’s arrest. Accordingly, this provision of defendant’s conditions of probation is deleted.
The conditions of probation assessed on the sentence below are amended to delete the assessment of $100 to benefit the Drug Abuse and Treatment Fund and is further amended to reflect that the jail term of one year is assessed on the defendant on default of the payment of fine and costs unless the defendant is indigent at such time as he is called upon to pay those monies. The sentence is affirmed in all other respects.
*624 SENTENCE AMENDED IN PART and AFFIRMED.

The current maximum penalty is 30 years at hard labor and a fine of $15,000.