In re Foret, Elward A.; — Plaintiff(s); Applying for Writ of Certiorari and/or Review, Writ of Prohibition; Supervisory and/or Remedial Writs; Parish of St. Mary 16th Judicial District Court Div. “D” Number 123,584; to the Court of Appeal, First Circuit, Number KW90 1618.
Granted. That portion of relator’s sentence which calls for him to pay a fine of $5,000 or, in default of payment, to serve an additional one year at hard labor under the supervision of the Louisiana Department of Corrections, is vacated as it does not comply with the mandates of La.C.Cr.P. art. 884. State v. Hyland, 36 La.Ann 709 (1884). The matter is remanded to the trial court for resentencing and for a determination of indigency. If relator is found to be indigent the trial court is ordered to delete only that portion of his sentence which provides for a jail term in the event of default of payment of the fine imposed. An indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). However, we note that La.C.Cr.P. art. 886 permits the state to enforce collection of the fine in the same manner as a money judgment in a civil case. State v. Conley, 570 So.2d 1161 (La.1990).
HALL, J., dissents.