SHORTESS, Judge.
Donald Ray Seal (defendant) was charged by bill of information, with two counts of attempted second degree murder, La.R.S. 14:27 and 14:30.1 and one count of possession of a firearm by a convicted felon. La.R.S. 14:95.1. He pled not guilty and, after trial by jury, was convicted of attempted aggravated battery and attempted possession of a firearm by a convicted felon. The jury returned no verdict on the second count of attempted second degree murder. Following the convictions, the trial court granted a motion for post verdict judgment of acquittal on the first count because the verdict returned by the jury, even though included on the verdict form for count 1, was not responsive. The court then sentenced defendant on the conviction for possession of a firearm to a term of four years imprisonment with the Department of Corrections, without benefit of probation, parole, or suspension of sentence. Additionally, the court sentenced defendant to pay a fine of $2000.00 plus court costs, or in default thereof, to serve an additional one year in the parish jail. The state entered a nolle prosequi on count 2.
In his sole assignment of error, defendant argues that, because he is indigent, the trial court erred when it sentenced him to a default term of imprisonment in the event he does not pay the fine and costs imposed. He asks that the default time be deleted from his sentence. The state cites no caselaw but appears to argue that the sentence is proper because, even with the additional default term, the sentence imposed does not exceed the statutory maximum. Citing La.C.Cr.P. art. 841, the state also argues that defendant’s assignment should be rejected because defendant did not object to the default term when the sentence was imposed.
Because defendant was represented by the Public Defender’s Office, his status as an indigent has been established. State v. Williams, 288 So.2d 319, 321 (La.1974). La.C.Cr.P. art. 884 requires a trial court to include a default term of imprisonment for a specified period not to exceed one year if the sentence imposed includes a fine or costs. Nevertheless, in the case of an indigent defendant, it is impermissible to impose a prison term in lieu of payment of a fine or costs if that would result in the defendant serving a longer term than the statutory maximum for the offense. State v. Counterman, 515 So.2d 533, 537 (La.App. 1st Cir.1987) (citing Williams v. Illinois, 399 U.S. 235, 243, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586 (1970)). In State v. Bohanna, 491 So.2d 756, 759 (La.App. 1st Cir. 1986), we recognized that the Louisiana Supreme Court has taken this rule one step further, so that an indigent defendant may never be subjected to confinement in lieu of payment of a fine or costs, even if the additional default sentence does not approach the maximum sentence which the court could have imposed. We based this on our review of the supreme court’s granting of writs in two cases: State v. Garrett, 480 So.2d 412 (La.App. 4th Cir.1985), writ granted, 484 So.2d 662 (La.1986) (sentence amended), and State v. Williams, 480 So.2d 432 (La.App. 4th Cir.1985), writ granted, 484 So.2d 662 (La.1986) (sentence amended).
*737 Thus, we find merit in defendant’s claim that the trial court’s imposition of the default term of imprisonment in the instant case was error. We amend the sentence to delete that portion which imposes one year in the parish jail in default of payment of the fine and court costs. See La.C.Cr.P. art. 882(A); Garrett, 484 So.2d 662.
In issuing this ruling, which automatically deletes the default term, we decline to adopt the position recently followed in the Second Circuit. The Second Circuit has taken the approach that “any complaint about such a matter is premature until such time as defendant is called upon to either pay [the] monies or serve the additional time.” State v. Huggins, 569 So.2d 622, 623 (La.App. 2d Cir.1990). See also State v. Mims, 550 So.2d 760, 766-67 (La.App. 2d Cir.1989). As a result, rather than vacating the portion of the sentence imposing the default time, the Second Circuit has amended the sentence to provide that the default time shall not be imposed if the defendant is indigent at the time he is called upon to serve the additional time. See Huggins, 569 So.2d at 623. In Huggins, the Second Circuit noted the Louisiana Supreme Court’s apparent approval of the approach used by the Second Circuit. See State ex rel. Hayes v. State, 559 So.2d 1362 (La.1990) (in granting petitioner’s writ, the supreme court ordered that the fine and default provisions of the sentence be amended to add the words: “unless defendant is at that time indigent”). But see State ex rel. Hayes v. State, 567 So.2d 1109 (La.1990) (later the Supreme Court granted the petitioner’s writ and ordered the trial court to hold a hearing to determine the petitioner’s status as an indigent and to vacate the default term if the trial court determined that the defendant was indigent).
While we recognize the potential merit of the issue raised by the Second Circuit,[1] we are bound by recent rulings of the Louisiana Supreme Court in two of our own cases which require that the default terms automatically be deleted. See State ex rel. Foret v. State, 575 So.2d 1389 (La.1991); State ex rel. Gant v. State, 576 So.2d 517 (La.1991). In the Foret and Gant cases, the petitioners were inmates who sought deletion of the default terms which were imposed in lieu of payment of their fines. This Court denied the petitioners’ writ applications and noted that the applications were premature because the petitioners had not yet been called upon to serve the default time. However, in both cases, the Louisiana Supreme Court granted the petitioners’ writs. In Gant, the Court vacated the portion of the sentence which provided for a jail term in the event of default of payment of the fine. In Foret, the Court remanded for resentencing and for a determination of indigency.[2]
In both cases, the Louisiana Supreme Court stated: “An indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).” However, the actual holding of the United States Supreme Court, in Bearden, allows for the imprisonment of indigent inmates who are unable to pay their fines under limited circumstances:
We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consid *738 er alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State’s interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.
461 U.S. at 672-73, 103 S.Ct. at 2073 (emphasis added). See also Bearden, 461 U.S. at 673 n. 12, 103 S.Ct. at 2073 n. 12; Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970).
In the absence of further instructions from the Louisiana Supreme Court, we are bound by the limited interpretation of Bearden adopted by the Supreme Court. Accordingly, we automatically will vacate the default term. See also Counterman, 515 So.2d at 537.
Defendant also requests a review of the record for patent error. Such a request is unnecessary, as this court routinely reviews all criminal appeals for patent error. See La.C.Cr.P. art. 920(2). After reviewing this record, we have discovered an additional sentencing error patent on the face of the record. The trial court did not give defendant credit for time served when the sentence was imposed.
La.C.Cr.P. art. 880 requires the court to give a defendant “credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence.” Patent sentencing error occurs when the trial court fails to specify credit for time served. State v. Hall, 287 So.2d 798, 799 (La.1973). See also State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Accordingly, we find a patent sentencing error and amend the sentence to reflect that defendant is to be given credit for time served prior to execution of his sentence. See La.C.Cr.P. art. 882(A).
As to both of these sentencing errors— automatic imposition of a default term and failure to award credit for time served — re-sentencing will not be required. However, we remand the case and order the district court to revise the commitment and the minute entry of the sentencing to reflect the amendments made by us.
CONVICTION AND SENTENCE AFFIRMED AS AMENDED, AND REMANDED WITH ORDER.

. The Second Circuit's approach recognizes that, while it is unlikely that the financial status of an imprisoned indigent will improve during his confinement, the possibility certainly exists. But see State v. Williams, 489 So.2d 286, 292 (La.App. 4th Cir.1986) (citing Williams, 288 So.2d at 321).

. The petitioner in Gant apparently had been declared to be indigent before his conviction. The petitioner in Foret claimed that, after his conviction and resulting incarceration, he was rendered indigent by his divorce.