589 So.2d 1050 (1991)
STATE ex rel. Eldridge ARMSTEAD
v.
STATE of Louisiana, FOURTH CIRCUIT COURT OF APPEALS, CRIMINAL DISTRICT COURT, SECTION F.
No. 91-KH-1561.
Supreme Court of Louisiana.
November 15, 1991.
Granted in part solely for the purpose of transferring to the district court; denied in part. Relief is unwarranted on the basis of the claims of insufficient evidence and ineffective counsel. This Court previously rejected relator's claim of insufficient evidence when it denied writs in State ex rel. Armstead v. State, 566 So.2d 391 (La.1990). Relator has made an insufficient showing with respect to the claim of ineffective assistance of counsel. Insofar as the claim of illegal sentence is presented in the application, it is transferred to the district court for a determination of relator's indigency. If Armstead is found to be indigent, the trial court is ordered to delete only that portion of his sentence which provides for a jail term in the event of default of payment of the fine. An indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). However, we note that La.C.Cr.P. art. 886 permits the state to enforce collection of the amount owed in the same manner as a money judgment in a civil case. State v. Conley, 570 So.2d 1161 (La.1990).