STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1539

STATE OF LOUISIANA

VERSUS

TOBY WAYNE MATT

************

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 138702
HONORABLE PENELOPE RICHARD, DISTRICT JUDGE

************

J. DAVID PAINTER
JUDGE

************

Court composed of Sylvia R. Cooks, J. David Painter, and James T. Genovese, Judges.

CONVICTION AFFIRMED;
SENTENCE AFFIRMED AS AMENDED

Beth Fontenot
Louisiana Appellate Project
P.O. Box 3183
Lake Charles, LA 70602
Counsel for Defendant-Appellant:
       Toby Wayne Matt

Toby Wayne Matt
Doc. #326482
158 Treatment Plant Rd.
Tallulah, LA 71282
       Pro Se

Jennifer A. Jones
Assistant District Attorney
P.O. Box 1550
Cameron, LA 70631
Counsel for Appellee:
       State of Louisiana

**PAINTER, Judge**

Defendant, Toby Wayne Matt, appeals his conviction for vehicular homicide and the sentence imposed in connection therewith. For the following reasons, this court affirms the conviction, amends the sentence, and remands the matter with instructions.

## FACTS

On January 13, 2009, while driving from his residence in the Klondike community of Cameron Parish toward Lake Arthur, Louisiana, Defendant struck and killed the victim, Kasie Hicks, who had previously been a guest at his house. On June 13, 2011 and again on July 20, 2011, Defendant pled guilty to one count of vehicular homicide, a violation of La.R.S. 14:32.1. He was sentenced on July 28, 2011, to twenty years at hard labor, the first ten years to be served without benefit of probation, parole, or suspension of sentence. The court further levied a fine of $7,500.00 and ordered that, in lieu of payment, Defendant could serve an additional two years at hard labor. Defendant moved for reconsideration of his sentence orally and in writing. The motion was denied. Defendant appeals.

## DISCUSSION

Defense counsel asks the court to vacate the sentence imposed and remand for resentencing. Defendant, in pro se assignments of error, prays that this court modify his conviction from vehicular homicide to negligent homicide and reduce his sentence to five years with credit for time served.

Default Time

Appellate counsel contends that the trial court erred in imposing default time on an indigent defendant, in imposing default time beyond the

1

one-year maximum term allowed by La.Code Crim.P. art. 884, and in imposing the default time at hard labor.

The trial court imposed "a fine of $7,500, plus the court costs, or in lieu thereof, you shall serve an additional two years with the Department of Corrections." Although the trial court does not refer to the jail time as default time, this court interprets the jail time as such. The subject of imposing default time upon an indigent defendant was discussed in *State v. Seal*, 581 So.2d 735, 736-37 (La.App. 1 Cir. 1991):

> Because defendant was represented by the Public Defender's Office, his status as an indigent has been established. *State v. Williams*, 288 So.2d 319, 321 (La.1974). La.C.Cr.P. art. 884 requires a trial court to include a default term of imprisonment for a specified period not to exceed one year if the sentence imposed includes a fine or costs. Nevertheless, in the case of an indigent defendant, it is impermissible to impose a prison term in lieu of payment of a fine or costs if that would result in the defendant serving a longer term than the statutory maximum for the offense. *State v. Counterman*, 515 So.2d 533, 537 (La.App. 1st Cir.1987) (citing *Williams v. Illinois*, 399 U.S. 235, 243, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586 (1970)). In *State v. Bohanna*, 491 So.2d 756, 759 (La.App. 1st Cir.1986), we recognized that the Louisiana Supreme Court has taken this rule one step further, so that an indigent defendant may *never* be subjected to confinement in lieu of payment of a fine or costs, even if the additional default sentence does not approach the maximum sentence which the court could have imposed. We based this on our review of the supreme court's granting of writs in two cases: *State v. Garrett*, 480 So.2d 412 (La.App. 4th Cir.1985), *writ granted*, 484 So.2d 662 (La.1986) (sentence amended), and *State v. Williams*, 480 So.2d 432 (La.App. 4th Cir.1985), *writ granted*, 484 So.2d 662 (La.1986) (sentence amended).

> Thus, we find merit in defendant's claim that the trial court's imposition of the default term of imprisonment in the instant case was error. We amend the sentence to delete that portion which imposes one year in the parish jail in default of payment of the fine and court costs. *See* La.C.Cr.P. art. 882(A); *Garrett*, 484 So.2d 662.

Since *Seal*, the supreme court has ordered the deletion of default time from sentences imposed upon indigent defendants. *State v. Zabaleta,* 96-

2

2449 (La. 3/7/97), 689 So.2d 1369; *State v. Roebuck,* 94-1127 (La. 6/30/95), 657 So.2d 1009; and *State ex rel. Armstead v. State, Fourth Circuit Court of Appeals, Criminal District Court, Section F*, 589 So.2d 1050 (La.1991).

Defense counsel contends that Defendant's status as an indigent defendant is supported by his representation by the Louisiana Appellate Project on appeal. The State points out that Defendant was represented at trial by retained counsel, and it notes that he posted a substantial bond to secure his release pending trial. Further, it notes that in the P.S.I., Defendant reported a monthly salary in an amount which would indicate that he was not indigent at the time of sentencing. Thus, the State contends that the imposition of default time was correct at the time of sentencing, but it concedes that Defendant later acquired the status of being indigent. The State acknowledges that the default time should be vacated in light of this court's holding in *State v. Newberry*, 560 So.2d 121 (La.App. 3 Cir. 1990) that the imposition of default time on a defendant who becomes indigent after sentencing is improper.[1] In the present case, the only indication of Defendant's current financial status is in his affidavit requesting court appointed counsel for appeal. In that application, he claims his only asset is a checking account with a balance of $100. While the State questions the veracity of this statement, it acknowledges that there is nothing in the record

---

[1] In *State v. Williams*, 562 So.2d 965, 969 (La.App. 3 Cir. 1990), decided after *Newberry*, this court held:

> Recently, in *State v. Newberry*, 560 So.2d 121 (La.App. 3rd Cir.1990), we reluctantly deleted such a default provision, where the defendant was represented by retained counsel at trial and at sentencing, but on appeal he was represented by appointed counsel. We believed that result was mandated by the Supreme Court's actions in *Pinkney* and *Garrett,* supra. In the instant case, although the defendant is now represented by appointed counsel on appeal, there is evidence in the record that the defendant owns immovable property in Breaux Bridge, La. We find the record does not support defendant's claim of indigency.

to disprove it. Accordingly, the State concedes that the default time should be vacated by this court.

Therefore, we find the "in lieu of" (default) jail time imposed in the present case must be deleted. The trial court is instructed to make an entry in the minutes reflecting this amendment.

Excessive Sentence

Defense counsel argues that the trial court imposed an unconstitutionally excessive sentence because it was under the mistaken belief that no part of the sentence could be probated or suspended even though Defendant would have responded positively to probationary treatment, because it believed that Defendant had not shown remorse, and without considering certain mitigating factors.

This court uses the following standard in reviewing excessive sentence claims:

> [Louisiana Constitution Article 1], § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

4

> *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The penalty for vehicular homicide is provided by La.R.S. 14:32.1(B):

> Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than five years nor more than thirty years. At least three years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. If the operator's blood alcohol concentration is 0.15 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood, then at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. If the offender was previously convicted of a violation of R.S. 14:98, then at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court shall require the offender to participate in a court-approved substance abuse program and may require the offender to participate in a court-approved driver improvement program. All driver improvement courses required under this

Section shall include instruction on railroad grade crossing safety.

The sentencing transcript shows that the trial court was aware of the sentencing range available for this offense and adequately reviewed aggravating and mitigating factors. Further, the record shows that the trial court did not conclude that Defendant expressed no remorse, but rather that the trial court saw none. We find that the sentence imposed was not an abuse of the trial court's discretion.

## *Brady* Violation

To summarize Defendant's arguments on this assignment of error, he is asserting that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963) because she failed to call certain witnesses to testify and introduce certain evidence at Defendant's guilty plea and sentencing hearings. Defendant does not allege that this evidence or these witnesses were concealed from the defense after Defendant requested the production thereof.

The supreme court has recently discussed the application of *Brady*:

> In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that the suppression by the prosecution of evidence favorable to the accused, after receiving a request for it, violates a defendant's due process rights, where the evidence is material either to guilt or punishment, without regard to the good or bad faith of the prosecution. *Id*., 373 U.S. at 87, 83 S.Ct. at 1196-97. For purposes of *Brady's* due process rule, a reviewing court determining materiality must ascertain "not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995).

> On the other hand, the State does not violate the Due Process clause by failing to disclose evidence that is equally

available or more so to the defendant. *See United States v. Dula*, 989 F.2d 772, 775 n. 9 (5th Cir.1993).

*State v. Oldenbaugh*, 10-268 (La. 12/6/11), 82 So.3d 215.

Because Defendant does not allege that the prosecution concealed the existence of this evidence from the defense after the defense moved to be provided with any exculpatory evidence in the case, Defendant fails to state a claim upon which relief can be granted.

Ineffective Assistance of Counsel

Defendant alleges that he was denied effective assistance of counsel:

Petitioner/Defendant Toby Matt's retained counsel did not bear such skill and knowledge as well [as] render the trial a reliable adversarial testing process in accordance with U.S.C.A. Constitution Amendment 6: further, was completely inept, acting more like a novice in criminal proceedings, functioning without his client['s] duty to loyalty to avoid conflicts of interest. Defense counsel['s] performance was reasonably ineffective.

Defendant complains that his attorney allowed the prosecutor to proceed at will and interfere with the case. Defendant argues that his attorney's errors caused him to receive an excessive sentence Defendant asserts that, had his attorney investigated or hired an investigator, Defendant would have been allowed to plead to negligent homicide and receive a less-onerous penalty as there would have been more mitigating factors for the sentencing court to consider. Defendant alleges that it was his trial attorney who had Defendant's guilty plea to negligent homicide vacated. Defendant contends that he had no knowledge of his attorney's actions. In a letter to this court, Defendant additionally complained that his trial attorney urged him to enter a guilty plea when his attorney knew that his plea to the responsive verdict of negligent homicide should never have been vacated.

7

Defendant lists several additional ways in which he considers that he was denied effective assistance of counsel by his trial attorney's inaction:

1. Failing to secure the proper affidavit on John Laseter's testimony that would have contradicted the prosecution's case;

   A) John Laseter is willing to testify or present affidavit. He was dismissed by A.D.A. Jones.

2. Failing to secure an affidavit from EMT/Fire Chief Scott Weekly who would have shown the court Toby Matt Defendant did not hit and run. He was also dismissed by A.D.A. Jones. A phone call was mad[e] to him by defendant. A.D.A. Jones failed to notify the Judge and Jury.

3. Failed to report or cross examine Rachelle Sonnier testimony with knowledge it was she supplying Kasie Hicks [the victim] with the drugs.

4. Failed to present Forensic Expert Terry Welks report that there was no steroids in Kasie Hicks system, when in fact A.D.A. Jones insisted the defendant gave the victim the controlled substance.

5. Failed to produce the re-construction findings of the State Police, Cameron and Calcasieu Police Departments. Which showed Kasie Hicks was walking in the middle of the road with dark clothing and not on the side as A.D.A. Jones stated.

6. Failing to show that no chemical testing was procured by the Cameron or Calcasieu Police Departments Officers and/or no sobriety test or did they seize the defendant's vehicle at that time pursuant to Louisiana Statute R.S. 32:666, Chemical Testing.

In support of his assignments of error, Defendant appends to his appellate brief a transcript of the April 29, 2010 hearing wherein his guilty plea was vacated because he could not be sentenced under the provision required by his plea bargain; the transcript is not contained in the appellate record.

If there is insufficient information in the record to resolve an ineffective assistance of counsel claim, that claim should be relegated to post-conviction relief:

8

> Claims of ineffective assistance of counsel are more properly raised in an application for post-conviction relief in the trial court because it provides the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. When the record is sufficient, however, allegations of ineffective assistance of trial counsel may be resolved on direct appeal in the interest of judicial economy.

*State v. Eiskina*, 42,492, p. 2 (La.App. 2 Cir. 9/19/07), 965 So.2d 1010, 1013 (citation omitted). Because a review of Defendant's allegations of ineffective assistance of counsel would require the introduction of evidence in addition to that provided by the appellate record, Defendant's ineffective assistance of counsel arguments are more properly reviewed via application for post-conviction relief.

Accordingly, the resolution of Defendant's second pro se assignment of error is relegated to post-conviction relief. Defendant may raise these arguments in an application for post-conviction relief filed in compliance with La.Code Crim.P. art. 930.8.

Judicial and Prosecutorial Misconduct

Via letters received by this court, Defendant contends that there was prosecutorial and judicial misconduct. He alleges that the prosecution maliciously used its power to selectively and/or vindictively prosecute him, improperly elicited information, improperly expressed her personal opinion as to his guilt, bolstered the case against Defendant by alluding to her personal integrity and oath of office, and misled the fact finder about the facts of the case. Defendant has added complaints that the prosecutor had unconstitutional motives and acted in bad faith, violated his rights to due process and equal protection, was motivated by discriminatory intent, failed to establish a prima facie case, infected the matter with her improper conduct, expressed her personal opinions with "[illicit] information outside

9

the presence of defendant's counsel and the victim's family'" personally provided the victim's family with a copy of the pre-sentence investigation report at the sentencing hearing, violated his constitutional rights and 18 U.S.C. § 3553, Rule 32(e)(i) by disclosing the PSI contents, and introduced that PSI into evidence without first allowing Defendant to see if there were any factual inaccuracies. Further, Defendant complains that the sentencing court improperly said negative things about Defendant in relation to the case when sentencing him. Defendant does not assert or provide record references showing that contemporaneous objections were made to these alleged errors; therefore, he is barred from bringing these claims on appeal. Additionally, Defendant's complaints are conclusory statements with no supporting authority or argument and without record references. Therefore, the complaints are to be considered abandoned under Uniform Rules–Courts of Appeal, Rule 2–12.4.

## CONCLUSION

The sentence imposed on Defendant is amended to remove the default jail time provision. The trial court is instructed to make an entry in the minutes reflecting the amendment. In all other respects, the conviction and sentence are affirmed.

**CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED**