## DEMPSEY *v.* MARTIN, DISTRICT ATTORNEY FOR SUFFOLK COUNTY

No. 99–5283.   Decided October 12, 1999

PER CURIAM.

*Pro se* petitioner Dempsey seeks leave to proceed *in forma pauperis* under Rule 39 of this Court.   We deny this request as frivolous pursuant to Rule 39.8.   Dempsey is allowed until November 2, 1999, within which to pay the docketing fees required by Rule 38 and to submit his petition in compliance with this Court's Rule 33.1.   We also direct the Clerk not to accept any further petitions for certiorari or petitions for extraordinary writs from Dempsey in noncriminal matters unless he first pays the docketing fee required by Rule 38 and submits his petitions in compliance with Rule 33.1.

Dempsey has abused this Court's certiorari and extraordinary writ processes.   On October 5, 1992, we invoked Rule 39.8 to deny Dempsey *in forma pauperis* status with respect to a petition for certiorari.   See *Dempsey* v. *Sears, Roebuck & Co.,* 506 U. S. 810.   At that time, Dempsey had filed 11 petitions for certiorari and 1 petition for an extraordinary writ, all of which were both frivolous and had been denied without recorded dissent.   Since that time, Dempsey has filed five petitions for certiorari, all of which were also frivolous and denied without recorded dissent.   The instant peti-

tion for certiorari thus brings Dempsey's total number of frivolous filings to 19.

We enter the order barring prospective filings for the reasons discussed in *Martin* v. *District of Columbia Court of Appeals,* 506 U. S. 1 (1992) *(per curiam).* Dempsey's abuse of the writ of certiorari and of the extraordinary writs has been in noncriminal cases, and we limit our sanction accordingly. The order therefore will not prevent Dempsey from petitioning to challenge criminal sanctions which might be imposed on him. The order will, however, allow this Court to devote its limited resources to the claims of petitioners who have not abused our processes.

*It is so ordered.*

JUSTICE STEVENS, dissenting.

For reasons previously stated, see *Martin* v. *District of Columbia Court of Appeals,* 506 U. S. 1, 4 (1992) (STEVENS, J., dissenting), and cases cited, I respectfully dissent.