**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 00-7069**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDY EUGENE WOODWARD,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James C. Turk, District Judge. (CR-95-30, CR-97-51, CA-99-722-7)

———————

Submitted:  January 16, 2001          Decided:  May 4, 2001

———————

Before MICHAEL and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Randy Eugene Woodward, Appellant Pro Se. Ruth Elizabeth Plagenhoef, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Randy Eugene Woodward seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2000). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. <u>United States v. Woodward</u>, Nos. CR-95-30; CR-97-51; CA-99-722-7 (W.D. Va. July 6, 2000).

For the first time on appeal, Woodward raises new claims of ineffective assistance of counsel. We generally do not consider issues raised for the first time on appeal, except under narrow circumstances not present here. <u>See</u> <u>Muth v. United States</u>, 1 F.3d 246, 250 (4th Cir. 1993) (holding that issues raised for first time on appeal generally will not be considered absent exceptional circumstances of plain error or fundamental miscarriage of justice). We therefore decline to address these claims.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] We also decline to address Woodward's claim that his sentence is invalid in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). We recently held in <u>United States v. Sanders</u>, No. 00-6281, 2001 WL 369719, at *10 (4th Cir. April 13, 2001), that the new rule announced in <u>Apprendi</u> is not retroactively applicable to cases on collateral review.