791 So.2d 100 (2001)
STATE of Louisiana
v.
Matthew Wayne MORGAN.
No. 99-KO-1895.
Supreme Court of Louisiana.
June 29, 2001.
Rehearing Denied August 31, 2001.
*101 Elizabeth W. Cole, Matthew Wayne Morgan (pro se), Hans P. Sinha, Counsel for Applicant.
*102 Richard P. Ieyoub, Attorney General, Baton Rouge, James C. Downs, District Attorney, Thomas C. Walsh, Jr., Alexandria, Counsel for Respondent.
PER CURIAM.[1]
In this prosecution for aggravated rape, La.R.S. 14:42, relator interjected the issue of his prior criminal activity even as he committed the charged crime by informing the victim in the course of a rambling monologue which accompanied his sexual assault of the adult victim that he had just been released from a sentence for rape in another state. The statement was admissible at trial as an integral part of the transaction, La.C.E. art. 404(B)(1), but the state went further and called the victim of the other crime committed approximately seven years earlier to provide jurors with details of the sexual assault. The state also called the victim of another sexual assault committed by relator nearly 10 years before the charged crime to provide jurors with details of that offense. The trial court had ruled the evidence of the prior sexual assaults admissible "to establish the lustful disposition of the defendant and to negate the defense of consent," after conducting a pre-trial hearing in accord with our decision in State v. Prieur, 277 So.2d 126 (La.1973). In part, that ruling precipitated relator's mid-trial decision to discharge defense counsel and undertake his own representation.
During closing argument, the state invited jurors to consider evidence of the other crimes not only because it tended to reveal a pattern of conduct involving relator's use of a knife and threats in all three assaults after the victims spurned his initial advances but also because it demonstrated relator's "lustful disposition ... that uncontrollable lust that he can't control...." Subject to the defense objection at the Prieur hearing to the introduction of the evidence, the court charged jurors at the close of the case that "[t]he sole purpose [for] which such evidence may be considered is whether it tends to show the lustful disposition and system of the defendant and to negate the defense of consent."
The jury returned a verdict of guilty as charged and the court of appeal affirmed relator's conviction and sentence for aggravated rape. State v. Morgan, 98-1141 (La.App. 3rd Cir.2/3/99), 735 So.2d 137 (unpub'd). We granted relator's application for review because the pre-trial ruling of the court, as explicated in its jury instructions, rests on a mis-understanding with regard to the use of "lustful disposition" evidence in the trial of sex crimes against adult victims. We now reverse.
La.C.E. art. 404(B)(1) incorporates a fundamental evidentiary rule that "[m]atters which are logically relevant to issues before the jury should not be excluded merely because they show the accused has committed other offenses." State v. Moore, 278 So.2d 781, 788 (La. 1972) (on reh'g). Such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident...." La.C.E. art. 404(B)(1). However, La.C.E. art. 404(B)(1) also incorporates Louisiana's traditional rule, see former La. R.S. 15:446, that evidence of other crimes, wrongs, or acts "is not admissible to prove the character of a person in order to show that he acted in conformity therewith." The state therefore must show "that the evidence is necessary to prove a matter genuinely at issue ... and that the probative *103 value of the evidence of the other crime outweighs the prejudicial effect." State v. Martin, 93-0285, p. 12 (La.10/17/94), 645 So.2d 190, 197 (citation omitted). For purposes of the balancing test provided by La.C.E. art. 403, Louisiana's analogue of Fed.R.Evid. 403, "[t]he term `unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged.... Such improper grounds certainly include ... generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged...." Old Chief v. United States, 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L.Ed.2d 574 (1997); see also State v. Hatcher, 372 So.2d 1024, 1036 (La.1979) (Tate, J., concurring) ("Other-crime evidence may not be used to prove that the offender committed this crime simply because he had committed similar crimes in the past.").
In Moore, 278 So.2d at 784-85, this Court held that because aggravated rape is a general intent crime, in which the state need prove only that the defendant voluntarily committed the proscribed act of sexual penetration, evidence of the accused's sexual assaults on other victims is not admissible to prove the accused's intent or motive. Moore relied in part on former La.R.S. 15:444 which provided that "[i]f a statute has made it a crime to do a particular act, no further proof of the intent is required than that [the] accused voluntarily did the act...." In State v. McArthur, 97-2918, pp. 3-4, (La.10/20/98), 719 So.2d 1037, 1041-42, we reaffirmed the principles underlying Moore and held broadly that in adult sex crimes requiring proof only of general intent, evidence of unrelated sexual assaults against other adult victims is not admissible to negate a claim of consent or to prove "lustful disposition, motive, intent and plan." We acknowledged in McArthur that federal courts now follow a different rule. See Fed.R.Evid. 413(a) (permitting introduction of other sexual assaults against other victims "for its bearing on any matter to which it is relevant" in the prosecution of an offense of sexual assault). However, in the absence of legislative action to change the law, we resolved to apply La.C.E. art. 404(B)(1) "as it presently exists." McArthur, 97-2918 at 4, 719 So.2d at 1043. We thereby confined our limited sanction of "lustful disposition" evidence to cases of sexual assault against children when the charged offense requires proof of specific intent accompanying any lewd or lascivious act, e.g. molestation of a juvenile in violation of La.R.S. 14:82.1, and the evidence of other similar crimes or acts satisfies one of the permissible purposes recognized by La.C.Ev. art. 404(B)(1). See State v. Miller, 98-0301, p. 12 (La.9/9/98), 718 So.2d 960, 966 ("Because specific intent is an element of the crime charged and because the [patently prurient and highly inappropriate] statement made to the unrelated victim is independently relevant to prove this intent, the evidence is admissible under La.C.E. art. 404(B)(1)."); see also State v. Kennedy, 00-1554, pp. 1-2 (La.4/3/01), ___ So.2d ___, ___, 2001 WL 316170 ("[W]e decline to rewrite the evidentiary rules to allow the introduction in child sexual abuse cases of evidence of other crimes, wrongs, or acts tending to show the defendant's `lustful disposition' toward children in the absence of one of the otherwise permissible purposes enumerated in Article 404(B).").[2]
*104 In the present case, the trial court thus erred in admitting the other crimes evidence for the stated purpose of permitting jurors to consider the evidence solely for what it revealed of the defendant's character and "lustful" predisposition to engage in non-consensual sex, matters foreclosed by La.C.E. art. 404(B)(1). Moreover, the record shows that the evidence was not admissible for any valid purpose, as respondent's defense of consent and his stipulation to the results of DNA testing removed the issue of identity from the case and the state otherwise acknowledged that the other sexual assaults were not so distinctive that they revealed the signature of a single person. See State v. Hills, 99-1750, p. 6 (La.5/16/00), 761 So.2d 516, 521 ("This Court has long sanctioned the use of other crimes evidence to show modus operandi as it bears on the question of identity when the prior crime is so distinctively similar to the one charged, especially in terms of the time, place and manner of commission, that one may reasonably infer that the same person is the perpetrator in both instances.").
Introduction of other crimes evidence is subject to harmless-error analysis. McArthur, 97-2818 at 4, 719 So.2d at 1043. However, even with evidence of relator's statement to the victim about his prior rape conviction and other evidence indicating that the telephone line to the home of the victim's mother had been cut before relator entered ostensibly for purposes of preparing the interior for repainting, jurors still interrupted their deliberations and asked the court to reinstruct them with regard to the differences between aggravated and attempted aggravated rape. Under these circumstances, we cannot say that detailed testimony regarding two other uncharged rapes was harmless beyond a reasonable doubt and that the verdict returned by the jury was surely unattributable to the error. Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993).
Accordingly, relator's conviction and sentence are reversed, and this case is remanded to the district court for further proceedings consistent with the views expressed herein.
CONVICTION AND SENTENCE REVERSED; CASE REMANDED TO THE DISTRICT COURT.
TRAYLOR, J. (dissenting).
The admission of the other crimes evidence is subject to harmless-error analysis under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). See State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94. In McArthur, "numerous inconsistencies" existed, such as the victim's testimony, and the testimony from defense witnesses about the relationship between the victim and defendant and their history of drug use together, which cast doubt on "whether admitting the evidence was harmless beyond a reasonable doubt and the jury verdict was unattributable to the error." 719 So.2d at 1043.
In contrast, the other crimes evidence in this case merely corroborated what the jury already knew through the victim's testimony. The victim testified that the defendant, during commission of the rape, stated "I was in jail in Oklahoma for rape for six years." That testimony was validly admitted as the res gestae of the crime. See State v. Wilson, 363 So.2d 481 (La. *105 1978). Thus, even without the testimony of the other witnesses, the State had presented ample evidence, including evidence of other crimes through the victim's testimony, to make the trial testimony by the prior victims harmless beyond a reasonable doubt and the jury verdict unattributable to the error.
NOTES
[1] Justice Harry T. Lemmon, retired, participated in the decision in this case which was argued prior to his retirement.
[2] Although the Kennedy decision involved sexual abuse of a child, our hesitation to rewrite evidentiary rules to accommodate so-called lustful disposition evidence in that case applies with equal, if not greater force, to cases such as the present one, involving sexual assault of an adult victim. Our decision in McArthur made that clear when we noted that the matter was one for the legislature to address if it so desired.