COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERSUS

WILLIAM ODELL CASH

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR7493-00-1
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*

**GLENN B. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Billie Colombaro Woodard, Glenn B. Gremillion, and Elizabeth
A. Pickett, Judges.

**AFFIRMED WITH INSTRUCTIONS.**

**Michael Cade Cassidy**
**District Attorney**
**Thirty-first Judicial District**
**Bennett R. Lapoint**
**Asst. District Attorney**
**P. O. Box 1388**
**Jennings, LA 70546-1388**
**(337) 824-1893**
**Counsel for Plaintiff/Appellee**
        **State of Louisiana**

**Jack Derrick Miller**
**P. O. Box 1650**
**Crowley, LA 70527-1650**
**(337) 788-0768**
**Counsel for Defendant/Appellant**
        **William Odell Cash**

**William Odell Cash**
**River Bend Detention Center**
**9450 Hwy  65 South**
**Lake Providence, LA 71254**
          **In Proper Person**

GREMILLION, Judge.

The defendant, William Odell Cash, was convicted by a jury of possession of marijuana with intent to distribute, a violation of La.R.S. 40:966, and possession of methamphetamine, a violation of La.R.S. 40:967, and was sentenced to ten years at hard labor. He now appeals his conviction. For the following reasons, we affirm.

**ERRORS PATENT**

We review all appeals for errors patent on the face of the record in accordance with La.Code Crim.P. art. 920. After reviewing the record, we find that there is one error patent.

Defendant and a co-defendant were charged by bill of information with two offenses—one count of possession with the intent to distribute marijuana and one count of possession of methamphetamine. Defendant and co-defendant were not tried together and the bill of information read at Defendant's trial cited only one of the offenses charged on the bill—possession of marijuana with the intent to distribute. Consequently, the jury returned a verdict as to that charge alone, and no verdict was returned on count two—possession of methamphetamine. We sent an information request to the Jefferson Davis Clerk of Court's Office for any minute entry, motion, order, or other pleading showing the disposition of count two, possession of methamphetamine. The clerk's office responded with an affidavit stating, "that there is no minute entry, motion, order or other pleading showing the disposition" of that charge in the docket number that is before this court. We also conducted an examination of the transcripts included in the record, but found no mention of the

1

disposition of count two. Thus, it appears that count two is an outstanding charge against Defendant, for which no verdict was returned by the jury.

Louisiana Code of Criminal Procedure Article 819 requires a verdict to be returned on each count charged in an indictment: If there is more than one count in an indictment, the jury must find a verdict as to each count, unless it cannot agree on a verdict as to a count.

In two previous cases, when faced with a similar error patent, we remanded for a proper disposition of the outstanding charge. *State v. Davis*, 614 So.2d 270 (La.App. 3 Cir. 1993), *reversed on other grounds*, 93-0599 (La. 4/11/94), 634 So.2d 1168, and *State v. James*, 99-1858 (La.App. 3 Cir. 5/3/00), 761 So.2d 125, *writ denied*, 00-1595 (La. 3/23/01), 787 So.2d 1010. Likewise, we remand this matter for a proper disposition of the possession of methamphetamine charge.

### SUFFICIENCY OF EVIDENCE

In this assignment, Defendant attacks the sufficiency of the evidence. Because a ruling that the evidence was insufficient would necessitate an acquittal, we will address this argument before the others. *State v. Hearold*, 603 So.2d 731, 734 (La.1992).

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d

1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Defendant was convicted of possession of marijuana with intent to distribute, a violation of La.R.S. 40:966. The statute states, in pertinent part:

A. Manufacture; distribution. Except as authorized by this Part, it shall be unlawful for any person knowingly or intentionally:

(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule I[.]

We have stated:

The State was required to prove two essential elements: possession of the controlled dangerous substance and the intent to distribute it.

The prosecution is not required to show actual possession in order to convict. The State need only show that the defendant exercised dominion and control over the illegal substance. *State v. Trahan*, 425 So.2d 1222 (La.1983); *State v. Rexrode*, 536 So.2d 671 (La.1988). The mere presence of the defendant in the area where narcotics are discovered is insufficient to support a finding of possession. *State v. Matthews*, 552 So.2d 590 (La.App. 2nd Cir.1989). What must be shown is that the defendant had a direct right and ability to exercise control. *State v. Segura*, 546 So.2d 1347 (La.App. 3rd Cir.1989). Additionally, the prosecution must show guilty knowledge. *Trahan*, supra; *Matthews*, supra.

*State v. Newberry*, 560 So.2d 121, 123 (La.App. 3 Cir. 1990).

We have also explained constructive possession as follows:

The following factors should be considered in determining whether defendant exercised dominion and control so as to constitute constructive possession: defendant's knowledge that illegal drugs were in the area; the defendant's relationship with the person in actual possession; the defendant's access to the area where the drugs were

found; evidence of recent drug use; the defendant's proximity to the drugs; and any evidence that the area was frequented by drug users.

*State v. Laws*, 95-593, p. 4 (La.App. 3 Cir. 12/6/95), 666 So.2d 1118, 1121, *writ denied*, 96-0089 (La. 9/13/96), 679 So.2d 102 (citation omitted).

On appeal, Defendant claims the State's case was circumstantial, thus requiring it to produce evidence that excluded "every reasonable hypothesis of innocence," as required by La.R.S. 15:438. At trial, the State relied mainly upon the testimony of Louisiana State Trooper Richard Elliot, a motor carrier safety inspector. Elliot testified that on July 19, 2000, in Jefferson Davis Parish, he stopped a tractor-trailer rig driven by Defendant. There was also a passenger, Karen Kayla. The purpose of the stop was a routine safety inspection. After Defendant produced his log book, Elliot checked its entries and noticed discrepancies. We note that Defendant stipulated there were falsified entries in the log book.

Elliot testified Defendant "seemed extremely nervous." He explained that people are often nervous when they encounter police, but usually relax after the initial contact. However, he testified that Defendant did not relax. He further testified that Defendant's demeanor made him suspicious, as did the presence of a number of locks on the trailer section of the rig. Defendant was hauling produce, which Elliot testified is not normally a high-security load. Thus, Elliot obtained Defendant's written permission to search the vehicle. After a backup officer arrived, Elliot commenced his search. He began in the cab area of the truck, which included a sleeper compartment. Behind the driver's seat, he found a bag containing a full bottle of wine. Elliot testified that drivers may not possess alcohol in commercial vehicles. About three feet away from the wine, he found a dog-food box in plain view. Elliot

4

observed there was no dog in the truck, and Defendant admitted he did not have a dog. Also, Elliot could tell the box had been opened and then re-sealed with packing tape. He opened the box and discovered several bricks of a substance he believed to be marijuana. He said there were "little perfume things" packed in with the marijuana. Subsequent laboratory testing confirmed the substance was marijuana and that its weight was 9,579.9 grams.

Elliot immediately arrested Defendant and Kayla, advised them of their rights, and separated them. He then resumed the search. He found possible drug paraphernalia, *i.e.*, clips and pipes, but no other drugs in the cab area. He then checked the utility boxes on the outside of the truck and found one or two more bricks of marijuana in a shopping bag, packaged in a manner similar to those found in the dog-food box. Elliot then searched the trailer. He found more bottles of alcoholic beverages, but no other contraband.

The State also presented the testimony of Trooper Martin Zaunbrecher, who participated in the follow-up investigation of Defendant. Zaunbrecher testified that the lower section of Texas, along the Mexican border, is an area of high drug-trafficking. Elliot's testimony had already indicated Defendant had been in the Corpus Christi, Texas area on the same date as the traffic stop and arrest. Subsequently, another state trooper, Sergeant Christopher Ivey, testified regarding the prevalence of drug trafficking in lower Texas. Ivey also testified the marijuana in this case was packaged in a manner meant to conceal its odor, as it was wrapped in dryer sheets and vacuum-sealed. Further, he explained the manner of packaging was consistent with distribution rather than personal consumption. On cross-examination,

5

Ivey acknowledged the truck apparently belonged to a company, rather than to Defendant. Ivey also testified that he photographed and processed the evidence; like Elliot, he observed an item in the truck that he believed to be drug paraphernalia, *i.e.*, a smoking pipe. He photographed it, but the pipe itself was not preserved.

In addition to the above evidence, the State also adduced testimony from Detective William Gary of South Carolina. Gary testified that on January 25, 2002, he arrested Defendant for possession of marijuana. The detective further testified that he came into contact with Defendant pursuant to a search warrant that covered his residence and vehicle. As Gary arrived, Defendant was leaving in the vehicle; the officer stopped him, and found a substance that appeared to be marijuana in plain view in a clear plastic bag. The weight of the substance was approximately twenty-one grams. The lab test of the substance was not introduced, because it was excluded as hearsay.

We have reviewed the entire record, particularly addressing specific portions of the evidence highlighted by Defendant and the State in their appellate arguments. We note that the majority of the arguments set forth by Defendant involve alleged "failures" to produce or preserve various types of evidence. It is well-established that the State has discretion regarding how to make out its case. Presence or absence of evidence, and weight of the evidence produced, are matters to be assessed by the factfinder. For example, there is no legal requirement for the State to test for fingerprints, produce fingerprint evidence, test certain evidence, or call certain witnesses to satisfy the elements of the offense at issue. *See State v. Green*, 94-986 (La.App. 3 Cir. 3/1/95), 651 So.2d 435. *State v. Sweeney*, 443 So.2d 522 (La.1983)

6

cited by Defendant, merely contains general statements of law; and *State v. Penson*, 351 So.2d 1181 (La.1977), which he also cites, is a pre-*Jackson* sufficiency case.

In *State v. Odle*, 02-226, p.11 (La.App. 3 Cir. 11/13/02), 834 So.2d 483, 492, *writ denied*, 03-0625 (La. 6/20/03), 847 So.2d 1219, in which the defendant was found to be in constructive possession of cocaine hidden in his gas tank, we wrote:

> Considering the evidence, particularly the fact that Shaw was acting abnormally, gave information to the police that was inconsistent with that given by Odle, was surrounded by a gasoline smell as well as an air freshener smell while in the vehicle, along with the fact that rags containing gasoline were found in the cargo area of the vehicle and his explanation for them was lacking, the fact that the gas tank had recently been tampered with, was geared to always read full, and there were several cans of cocaine hidden in the gas tank, we find that sufficient evidence was presented to the jury for it to find that Shaw constructively possessed the cocaine.

The present case is even stronger than *Odle* as the box of marijuana was in an open area that was within Defendant's dominion and control. The evidence is sufficient to support the conviction. Therefore, this assignment is without merit.

## MOTION TO SUPPRESS

In his first assignment of error, Defendant argues the lower court erred by denying his Motion to Suppress, which alleged Trooper Elliott did not have probable cause to stop him. However, as the State observes, Defendant raised this same argument in a pre-trial writ application. In an unpublished opinion bearing docket number 02-0293, this court denied the application on May 15, 2002. Subsequently, the supreme court also denied the writ. *State v. Cash*, 02-1667 (La. 8/30/02), 823 So.2d 932.

Our previous review of the issue does not preclude review on appeal. *State v. Wessinger*, 98-1234 (La. 5/28/99), 736 So.2d 162, *cert. denied*, 528 U.S.

7

1050, 120 S.Ct. 589 (1999).[1]   However, our review of the prior file reveals Defendant's current appeal is raising no new issues for analysis.  As the Louisiana Supreme Court has explained:

> When this court considers questions of admissibility of evidence in advance of trial by granting a pretrial application for supervisory writs (rather than deferring judgment until an appeal in the event of conviction), the determination of admissibility does not absolutely preclude a different decision on appeal, at which time the issues may have been more clearly framed by the evidence adduced at trial. Nevertheless, judicial efficiency demands that this court accord great deference to its pretrial decisions on admissibility, unless it is apparent, in light of the subsequent trial record, that the determination was patently erroneous and produced an unjust result.

*State v. Humphrey*, 412 So.2d 507, 523 (La.1981) (on rehearing).

We find that the trial record does not reveal new evidence on this issue, nor does Defendant's brief point to any such evidence.  Further, neither our review nor Defendant's argument suggests our earlier ruling was patently erroneous or unjust.  Thus, this assignment of error shall not be considered.

## OTHER CRIMES EVIDENCE

Defendant's assignments of error two and three relate to the State's introduction of "other crimes evidence."  First, he contends that the other crimes evidence, evidence that police in South Carolina arrested him on suspicion of possession of marijuana on January 25, 2002, was irrelevant.  Second, he argues that the prejudicial impact of the other crimes evidence outweighed its probative value.

The relevant law is set forth in La.Code Evid. art. 404(B), which states, in pertinent part:

---

[1] An unrelated portion of *Wessinger* has been suspended by statute.  *State v. Gomez*, 00-0566 (La. 1/17/01), 778 So.2d 549.

8

[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

Our supreme court has explained:

La.C.E. art. 404(B)(1) incorporates a fundamental evidentiary rule that "[m]atters which are logically relevant to issues before the jury should not be excluded merely because they show the accused has committed other offenses." *State v. Moore*, 278 So.2d 781, 788 (La.1972) (on reh'g). Such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident . . . ." La.C.E. art. 404(B)(1). However, La.C.E. art. 404(B)(1) also incorporates Louisiana's traditional rule, *see* former La.R.S. 15:446, that evidence of other crimes, wrongs, or acts "is not admissible to prove the character of a person in order to show that he acted in conformity therewith." The state therefore must show "that the evidence is necessary to prove a matter genuinely at issue . . . and that the probative value of the evidence of the other crime outweighs the prejudicial effect." *State v. Martin*, 93-0285, p. 12 (La. 10/17/94), 645 So.2d 190, 197 (citation omitted). For purposes of the balancing test provided by La.C.E. art. 403, Louisiana's analogue of Fed.R.Evid. 403, "[t]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged . . . . Such improper grounds certainly include . . . generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged . . . ." *Old Chief v. United States*, 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L.Ed.2d 574 (1997); *see also State v. Hatcher*, 372 So.2d 1024, 1036 (La.1979) (Tate, J., concurring) ("Other-crime evidence may not be used to prove that the offender committed this crime simply because he had committed similar crimes in the past.").

*State v. Morgan*, 99-1895, pp. 2-3 (La. 6/29/01), 791 So.2d 100, 102-03.

According to Defendant, the arrest for possession was irrelevant because it did not relate to the current charge of possession with intent to distribute. For

9

support, he cites *State v. Quest*, 00-205, p. 19 (La.App. 5 Cir. 10/18/00), 772 So.2d

772, *writ denied*, 00-3137 (La. 11/2/01), 800 So.2d 866:

> Intent is an essential element of the crime of possession with intent
> to distribute heroin. Previous attempts to distribute may be considered
> in establishing intent. *State v. White*, 98-91 (La.App. 5th Cir. 6/30/98),
> 715 So.2d 714, 717, *writ denied*, 98-2043 (La.11/25/98), 729 So.2d 577.

> In [*State v.*] *Johnson*, [98-604 (La.App. 5th Cir. 1999), 728 So.2d
> 901, *writ denied*, 99-0624 (La. 6/25/99), 745 So.2d 1187,] we held that
> evidence of a defendant's prior conviction for distribution of cocaine had
> independent relevance because it satisfied an element of the crime of
> unlawful possession of a firearm. In this case, the Defendant's *admission
> that he sold* drugs in the past has independent relevance in satisfying the
> intent element of the crime of possession with intent to distribute heroin.

> The part of the Defendant's statement in which he *admitted to
> using heroin* does not appear to have any relevance other than to show
> his "bad character." The actual use of heroin does not satisfy or relate to
> any element of the crime of possession with intent to distribute heroin.
> Therefore, that portion of the Defendant's statement should have been
> excised. However, the admission is subject to the harmless error rule.
> *State v. Johnson*, 728 So.2d at 911. The analysis for determining
> harmless error is whether the verdict actually rendered in this case was
> surely unattributable to the error. *Id*.

The State argues the other crimes evidence was relevant to help prove

guilty knowledge, as Defendant argued in the case sub judice that the State failed to

prove he knew the marijuana was in the truck. The lower court reasoned:

> I think this particular case is distinguishable from the State versus
> Quest case that defense counsel has cited and -- and -- to the extent that
> the Quest case was an attempt to use an admission by the defendant that
> he was a drug user or user of heroin.

> In this particular case, that is not the evidence. The evidence is
> that the defendant possessed marijuana at a time closely in proximity to
> the arrest that -- that is the subject of this particular case before us today.

> To accept the defense argument would essentially exclude any
> evidence of a prior possession of a drug by a person who subsequently

10

is arrested and on trial for possession of that drug with intent to distribute. And I don't believe that that was the intent of the Quest case to go that far. I think it was -- in my reading, it -- it intended simply to avoid the evidence of use by the defendant because use had no other relevance other than to show that the defendant was a bad person; whereas, in this particular case, the relevance is to show knowledge of -- on the part of the defendant that he knew what marijuana was.

So the Court is going to allow the introduction of the other crimes evidence, and that being the arrest on January 25 of 2002 of the defendant, William Cash, in South Carolina for the charge of possession of marijuana.

The Court is going to, however, restrict any testimony by the State's witnesses to that particular crime or other act and will not allow testimony of the -- of any other crimes or any other acts by the defendant. And I'm particularly addressing the defense's concern that there may be some evidence of the purpose for execution or having the search warrant and that is not going to be admitted. It will not be allowed.

We agree with the lower court and its points are well-founded. Also, Defendant in the present case contested the *possession* element of the crime at issue; thus, the evidence regarding the South Carolina arrest had clear relevance in showing "knowledge" of marijuana and how it may be packed and shipped, as well as "absence of mistake or accident" in transporting the marijuana.

Next, we will examine Defendant's separately-captioned fifth and sixth issues, which both relate to the notice the State provided regarding the other crimes evidence. First, Defendant argues the State did not provide a sufficient description of the evidence to be introduced. He cites *State v. McArthur*, 97-2918, pp. 1-2 (La. 10/20/98), 719 So.2d 1037, 1039-40, (emphasis added):

Finally, the requirements set forth in *State v. Prieur*, 277 So.2d 126 (La.1973) must be met. Thereunder, the state must, within a reasonable time before trial, provide written notice of its intent to use other acts or crimes evidence and *describe these acts in sufficient detail*. The state must show the evidence is neither repetitive nor cumulative,

11

and is not being introduced to show the defendant is of bad character. Further, the court must, at the request of the defendant, offer a limiting instruction to the jury at the time the evidence is introduced. The court must also charge the jury at the close of the trial that the other crimes evidence serves a limited purpose and that the defendant cannot be convicted for any crime other than the one charged or any offense responsive to it.

Regarding Defendant's contention that the State's notice was insufficient, we observe the following language from the State's notice:

1.

The State anticipates that the following individual will testify against William Cash in his trial, namely Officer William Gary, a police officer from South Carolina.

2.

State intends to introduce evidence through the testimony of said witnesses [sic] that on or about January of 2002, the defendant William Cash was arrested and charged in South Carolina with possession of marijuana.

3.

The State asserts that this other crimes evidence is admissible pursuant to law to show motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake or accident pursuant to Louisiana Code of Evidence Article 404(B).

WHEREFORE, the State of Louisiana prays that a prieur [sic] hearing be held on this matter prior to the defendant's trial to determine the admissibility of this other crimes evidence.

The trial court conducted a *Prieur* hearing, and, after taking testimony, made the following observations:

Well, the language in 404(B) of the evidence code requires reasonable notice, and after reviewing the motion of the State, I -- I find that they have provided reasonable notice of the particularity of the crime that they wish to -- to introduce.

And then subsequently, the trial court stated:

12

All right. The Court has listened to the evidence and the argument of counsel. I've reviewed the memorandums that's been submitted as well as the motion for the hearing. As I've indicated earlier, I found the -- the notice or the motion did provide adequate notice of the -- other crimes or other acts that the State intended to introduce, and I also find that the -- the motion sets forth with sufficient specificity the purpose for which the State intends to introduce those items . . . .

At trial, the State limited its introduction of other crimes evidence to the fact of the arrest. Thus, the pretrial notice provided by the State specified exactly the evidence that was eventually introduced at trial. Therefore, Defendant's argument on this issue fails on its facts.

The other notice-related issue raised by Defendant is his contention that the State's notice did not properly particularize the reason why the other crimes evidence was admissible. In its written notice, the State listed all the statutory exceptions that apply under La.Code Evid. art. 404 (motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake or accident). We have found no case on point, as prior reported cases that include similar arguments have been disposed of on other grounds. However, we note that even when *Prieur*-related error occurs, reversal is not automatic. If a defendant is not prejudiced by the error, then reversal is not required. In other words, the error may be harmless, although some cases focus upon prejudice and do not use harmless-error language.

In the present case, the trial court conducted a *Prieur* hearing before trial. The present argument was asserted by Defendant at that hearing, discussed and ruled upon by the trial court, although our review indicates the State never specified which exception it was applying. However, because we have found that the South Carolina arrest was relevant for the reasons stated above, Defendant cannot claim undue

13

prejudice from the admission of the evidence at trial. Any error committed by the trial court in failing to require and name a specific exception would, therefore, be harmless. Because we have found that the *Quest* case is distinguishable from the case at bar for the reasons expressed by the trial court, we hold that the other crimes evidence was properly admitted, and that this assignment of error lacks merit.

## OTHER CRIMES-JURY INSTRUCTIONS

In this assignment of error, Defendant argues that the trial court erred by instructing the jury that the standard of proof for "other crimes evidence" is preponderance of the evidence. Defendant contends the clear and convincing standard should apply. We disagree. The trial court's instruction regarding the standard of proof was correct in regard to admissibility, pursuant to La.Code Evid. art. 1104 and *State v. Crawford*, 95-1352 (La.App. 3 Cir. 4/3/96), 672 So.2d 197, *writ denied,* 96-1126 (La. 10/4/96), 679 So.2d 1379, insofar as the standard of proof requirement for *Prieur* hearings. How ever, it is not clear if the standard for *admissibility* of

14

other crimes evidence at *trial* is the same as the standard for the *Prieur* hearing.

Accordingly, we shall begin our analysis of this issue with Judge Katz's dissent in *State v. Pollard*, 98-1376 (La.App. 4 Cir. 2/9/00), 760 So.2d 362, 373 (emphasis added), where he observed:

The court in *State v. Pardon*, 97-248 (La.App. 5 Cir. 10/15/97), 703 So.2d 50, 57, *writ denied*, 97-2892 (La.3/20/98, 715 So.2d 1207), stated:

La.Code Evid. Art. 1104, added by Acts 1994, 3rd Ex.Sess. No. 51, § 2, changed the burden of proof. It provides: "The burden of proof in a pretrial hearing held in accordance with *State v. Prieur*, 277 So.2d 126 (La.1973), shall be identical to the burden of proof required by Federal Rules of Evidence Article IV, Rule 404." That burden of proof was enunciated in *Huddleston v. U.S.*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), as follows:

15

> "We conclude that [Rule 404(b)] evidence should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act.* * * The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence. (citations omitted)" [sic]

The court in *Pardon* then concluded: ". . . we find the State carried its burden of proving the prior bad acts by a preponderance of the evidence." *Pardon*, *supra*, at p. 58. However, footnote # 1 in *Pardon* states: "Because La.Code Evid. Art. 1104 refers to the burden of proof at a hearing only, *the impact of this article on the burden of proof at trial is unknown at this point*." See Pugh, Force, Rault & Triche, "Handbook on Louisiana Evidence Law".

Our review of the jurisprudence since *Pollard* reveals the impact of Article 1104 on the burden of proof at trial remains unresolved in Louisiana. For this reason, and because the relevant state law apparently requires that we follow federal law in determining the burden of proof, we shall refer to the Supreme Court of the United States. We have noted that the Supreme Court, in discussing the standard for admissibility of other crimes evidence in *Huddleston v. U.S.,* 485 U.S. 681, 690, 108 S.Ct. 1496, 1501, (1988) (emphasis added), stated that the court should decide "whether the jury *could reasonably find* the conditional fact . . . by a preponderance of the evidence."

This language suggests the *Huddleston* court contemplated that juries would employ the preponderance standard in their assessments of other crimes evidence. Further, the Supreme Court's language in *Dowling v. U.S.*, 493 U.S. 342, 110 S.Ct. 668 (1990), a collateral estoppel case, appears to take the same view. In explaining why collateral estoppel did not apply, the Supreme Court noted:

16

'[S]imilar act evidence is relevant only if the jury *can reasonably conclude* that the act occurred and that the defendant was the actor.' Because a jury might reasonably conclude that [defendant] was the masked man who entered [victim's] home, even if it did not believe beyond a reasonable doubt that [defendant] committed the crimes charged at the first trial . . . the Double Jeopardy Clause is inapposite.

*Dowling*, 493 U.S. at 348-49, 110 S.Ct. at 672, citing *Huddleston*, 485 U.S. at 689, 108 S.Ct. at 1501 (emphasis added).

Therefore, following the *Huddleston* and *Dowling* cases, we find that the preponderance of evidence standard, rather than a clear and convincing standard of proof, shall apply to both pretrial and trial admissibility involving other crimes evidence. Thus, the trial court did not err in its instruction. Defendant's fourth assignment of error lacks merit.

## CONCLUSION

Defendant's conviction and sentence are affirmed. However, we remand the case to the trial court for a proper disposition of count two, possession of methamphetamine, of the bill of information.

## AFFIRMED WITH INSTRUCTIONS.

17