NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**06-1185**

**STATE OF LOUISIANA**

**VERSUS**

**MICKEY WAYNE JOHNSON**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 65039
HONORABLE PATRICK MICHOT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**OSWALD A. DECUIR**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Oswald A. Decuir and Michael G. Sullivan, Judges.

**AFFIRMED AND REMANDED.**

**Kim R. Hayes**
**Assistant District Attorney**
**Fifteenth Judicial District Court**
**P.O. Box 288**
**Crowley, LA 70527-0288**
**(337) 788-8831**
**Counsel for Appellee:**
        **State of Louisiana**

**G. Paul Marx**
**Attorney at Law**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
        **Mickey Wayne Johnson**

**DECUIR, Judge.**

Defendant, Mickey Wayne Johnson, was charged with one count of armed robbery, in violation of La.R.S. 14:62; with one count of simple escape, in violation of La.R.S. 14:110; and with one count of simple battery of a police officer, in violation of La.R.S. 14:34.2.

Defendant's case proceeded to trial on the armed robbery charge, and the jury returned a guilty verdict for first degree robbery, in violation of La.R.S. 14:64.1. The district court sentenced Defendant to serve twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence.

Defendant now appeals, arguing that, based on the circumstances, his sentence is excessive and that the trial court erred in denying his motion for mistrial due to inappropriate statements by the prosecutor.

## FACTS

In the early morning hours of December 18, 2003, two female cashiers were working the night shift at a Circle K convenience store on Highway 90, which was located just beyond the city limits of Crowley. Defendant, with the hood of his sweater pulled over his head and his hands in his sweater pocket, entered the store while both of the cashiers were working in the back of the store.

When the cashier asked if she could assist Defendant, he requested a pack of Doral cigarettes and a lighter. As she walked to the register to help Defendant as offered, her fellow cashier startled Defendant by walking in from the storeroom. After Defendant saw the second cashier, he pulled his hand, which remained covered by his sleeve, from his sweater pocket and pointed it at them. Defendant told them he had a gun and threatened to shoot both cashiers if they did not to go to the register and give him the money. After he had the items he wanted, Defendant threatened to

shoot the cashiers, ordered them to lie on the floor, and told them not to look at him; when they complied, he fled.

After his arrest, Defendant admitted to committing the robbery and stated that the cashiers probably thought he had a gun, but he denied actually using a weapon in the robbery. At trial, Defendant could not remember whether he had threatened to shoot the cashiers during the act or whether he led the cashiers to believe that he had a weapon. However, Defendant acknowledged that, at the time of his confession, which was read to the jury, he had been sure that the cashiers thought he had a gun and thought that he had possibly led them to believe that he had a weapon. Defendant cited his drug addiction and relationship problems as the reasons for his actions; Defendant also admitted that he had been out of control and stated his regret for not seeking rehabilitation of his drug problem.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is one error patent.

Defendant was charged by bill of information with three offenses, namely, armed robbery, simple escape, and simple battery of a police officer. The bill of information read at Defendant's trial referred to only Count 1, armed robbery. As a result, the jury returned a verdict as to that charge alone and no verdict was returned on Counts 2 and 3. Thus, it appears that Counts 2 and 3 are still outstanding charges against Defendant, for which no verdict was returned.

Louisiana Code of Criminal Procedure Article 819 requires a verdict as to each count in an indictment, unless the jury cannot agree on a verdict as to a count. When faced with this issue in previous cases, this court has remanded for a proper

2

disposition of the outstanding charges. *See State v. Hypolite*, 04-1658 (La.App. 3 Cir. 6/1/05), 903 So.2d 1275; *State v. Cash*, 03-853 (La.App. 3 Cir. 12/10/03), 861 So.2d 851, *writs denied*, 04-27 (La. 4/30/04), 872 So.2d 472, and 04-232 (La. 5/7/04), 872 So.2d 1080; and *State v. James*, 99-1858 (La.App. 3 Cir. 5/3/00), 761 So.2d 125, *writ denied*, 00-1595 (La. 3/23/01), 787 So.2d 1010. Accordingly, we remand this case for a disposition of the remaining charges.

## EXCESSIVE SENTENCE

Defendant complains that the district court imposed an excessive sentence because the crime was a result of Defendant's drug addiction and because the sentence does not address drug treatment and rehabilitation. Defendant contends that twenty-five years, a virtual life sentence for someone aged thirty-eight, is excessive for a forty-eight-dollar robbery. Defendant also alleges that the sentence does nothing to address the cause of the robbery, Defendant's severe drug addiction.

The State responds that the twenty-five-year sentence was not excessive for a first degree robbery conviction. As Defendant confessed to robbing the convenience store, the only issue at trial was whether or not Defendant was armed with a firearm during the offense. The prosecution urges that a mid-range sentence imposed for a third felony offense is not grossly disproportionate to the severity of the crime as to shock our sense of justice and is not a needless imposition of pain and suffering. The State argues that the trial court considered the aggravating and mitigating factors, including Defendant's drug problem and the drug treatment programs available to Defendant, prior to sentencing.

Defendant's prior felony convictions include theft and violent robbery; also, Defendant admitted to purchasing drugs. Moreover, the prosecution asserts that Defendant negatively impacted two victims in his current offense. The State points

3

out that Defendant made both victims lie on the floor and threatened to kill them. As a result, the prosecution maintains that Defendant's sentence is not excessive.

"Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering." *State v. Smith*, 01-2574, p. 6 (La. 1/14/03), 839 So.2d 1, 4 (citations omitted).

> The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.

*State v. Williams*, 03-3514, p. 14 (La. 12/13/04), 893 So.2d 7, 16-17 (citations omitted).

Under La.R.S. 14:64.1, the sentencing range for first degree robbery is from three years imprisonment at hard labor without benefits up to forty years. Therefore, Defendant's twenty-five-year hard labor sentence without benefits is well within the statutory sentencing range. However, Defendant contends that, under the circumstances of the case, his mid-range sentence is excessive.

At the sentencing hearing, Defendant averred that, at the time of the robbery, he had been heavily under the influence of narcotics and cocaine. Defendant swore that he had not been acting like himself. Defendant expressed remorse for his crime. Defendant attested that he was not a violent person and that he would never hurt anyone. Defendant stated that he had changed his ways by becoming religious and that he newly wanted to follow God's will and find his purpose in life.

4

Defendant testified that, although he had never previously sought help for his addiction, his religious connections had provided him with acceptance into a religion-based treatment program. Defendant asked the court to suspend his sentence until he could complete the fourteen-month treatment program. A minister appeared and testified on Defendant's behalf, urging the court to consider enrolling Defendant in his intensive drug rehabilitation program or one like it.

Contrary to Defendant's contention, the trial court evaluated the testimony, found that Defendant had a drug problem, and considered it to be a mitigating factor:

> THE COURT: Well, in mitigation, I would have to state Mr. Johnson admitted that he had a drug problem at the time of the trial, and today he's expressing remorse. However, in aggravation, he's had prior violent robbery and theft convictions. He's admitted [to] buying drugs. This is his third felony offense. He's a third felony offender. The two (2) victims were impacted directly, made to lay on the floor and threatened with killing them. Considering all of the situation, I feel that all the factors, aggravating and mitigating, I feel that an appropriate sentence for Mr. Johnson - - and I do sentence you to twenty-five (25) years at hard labor without benefit of parole, probation, or suspension of imposition or execution of sentence. You'll be given credit for any time that you've served. You have two (2) years from the date this sentence becomes final within which to file for post-conviction relief.

The fifth circuit has held that a thirty-year sentence for first degree robbery was not excessive for a second felony offender. *State v. Lapell*, 00-1056 (La.App. 5 Cir. 12/13/00), 777 So.2d 541, *writ denied*, 01-0439 (La. 1/4/02), 805 So.2d 1192. This court has previously held that a thirty-year sentence for first degree robbery was not excessive for a fourth felony offender. *State v. Sullivan*, 02-0360 (La.App. 3 Cir. 10/2/02), 827 So.2d 1260, *writs denied*, 02-2931 (La. 4/21/03), 841 So.2d 790, and 02-2965 (La. 9/5/03), 852 So.2d 1024. Therefore, Defendant's twenty-five year sentence as a third felony offender is not constitutionally excessive, and the trial court did not abuse its discretion in so sentencing Defendant. Moreover, there is nothing in the record that would prevent Defendant from participating in any addiction

5

counseling programs made available to inmates through the Department of Corrections.

Accordingly, this assignment of error is without merit.

## STATEMENT BY PROSECUTOR

Defendant argues that reversible error occurred when the prosecutor made his case a "plebiscite on crime" by suggesting to the jury that the case is linked to the armed robbery problem in Crowley. Defendant asserts that the comments incited the jurors' personal biases and made them convict him because of their concerns for public safety rather than because of the facts of the case. Defendant urges that the prosecutor erred in asking the jury to consider how they would feel about their daughters being robbed while at work and in conducting a demonstration with a jacket. After the prosecutor commented that, because there had been so many robberies of the town's convenience stores, working in one of the stores constituted hazardous duty, defense counsel moved for a mistrial, but the trial court denied the motion without comment. Defendant avers that, cumulatively, the comments put the jury in the position of the victim, deflected focus away from the facts of the case, and prejudiced the outcome of the trial.

The State replies that it did not err in referencing the many robberies happening to Crowley convenience stores. Alternatively, the prosecution submits that any error in mentioning the other crimes was harmless in light of Defendant's confession and the jury's returning a responsive verdict.

The record shows that at the conclusion of the prosecution's closing argument, the defense asked to approach the bench. After speaking with defense counsel, the trial court had the jury removed. Once the jury was gone, Defendant moved for a mistrial based on three alleged fatal errors made by the prosecution during its closing

6

arguments. First, Defendant complained that the State had made the crime part of a bigger armed robbery problem that exists in Crowley. Second, Defendant complained that the prosecution improperly demonstrated how Defendant was holding an alleged gun in ways not admitted into evidence with the use of a coat not admitted into evidence. Third, the defense complained that the State asked the jurors to compare the victims to their own daughters.

The State responded that its actions and statements had not violated any jurisprudence. Moreover, the prosecution pointed out it thought it had been within the bounds of the testimony with its act and that Defendant failed to make an objection when it was performing the action in question. The defense replied at this point that there was no way to determine whether the State's actions had been within the bounds of the testimony. Defendant urged that he would suffer prejudice that could not be cured by mere admonition to the jury. The district court denied the motion, and trial resumed with the defense presenting its closing argument before the jury. No admonitions concerning Defendant's objections are in the record.

Defendant's first objection assigned error to the prosecutor saying, "As I told you in my opening statement, I think this is a very serious case. We have far too many robberies in this town of convenience stores. It's almost, you know, hazardous duty to work at these stores now. This is a very serious case to me." The second objection is not reviewable from the record. Defendant's third objection arose from the prosecution stating:

> I submit to you in closing that if you or your daughters were working at a cash register and somebody came up to them, four (4) to six (6) feet away, even with the sleeve partially over the hand, and pointed a hand gun in their face and threatened to shoot them, they would be able to tell if it was a gun or not.

7

The supreme court has previously discussed the standard for reviewing whether a prosecutor's statements constitute an attempt to get the jury to vote against crime in general:

> [T]he law is clear that prosecutors are allowed considerable latitude in choosing closing argument tactics. The trial judge has broad discretion in controlling the scope of closing argument. Even if the prosecutor exceeds these bounds, the Court will not reverse a conviction unless "thoroughly convinced" that the argument influenced the jury and contributed to the verdict.

*State v. Harris*, 01-2730, p. 23 (La. 1/19/05), 892 So.2d 1238, 1255, *cert. denied*, ___ U.S. ___ , 126 S.Ct. 102 (2005) (citations omitted).

Assuming, *arguendo*, that the prosecutor's remarks were inappropriate, we must determine whether the improper argument influenced the jury and contributed to its verdict. We note first that the jury did not convict Defendant of the charged offense, armed robbery; instead, it convicted him of a lesser, included offense even though one of the cashiers clearly stated that she had seen a gun. Second, the cashiers' testimony shows that they both consistently remember Defendant holding one hand as if he were concealing a weapon in his shirt sleeve. Third, the jury was able to view the store's video footage of the robbery, so they were able to evaluate whether the clerks accurately remembered Defendant's body language. Finally, both witnesses testified that Defendant threatened, specifically, to shoot them if they did not comply with his demands. Therefore, in view of the evidence presented to the jury, we are not thoroughly convinced that the prosecutor's statements influenced the jury and contributed to its verdict.

Accordingly, this assignment of error is without merit.

8

**DECREE**

Defendant's conviction and sentence for first degree robbery are affirmed. This case is remanded for a disposition of the charges contained in Counts 2 and 3 of the bill of information.

**AFFIRMED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.